Sucesión Collado et al., Apelada, *v.* Pérez et al., Apelantes.

Apelación procedente de la Corte de Distrito de Mayagüez.

No. 969.—Resuelto en junio 27, 1913.

Acción Reivindicatoria—Título Suficiente.—Los herederos de una persona que constituyen su sucesión tienen, *prima facie*, derecho a reivindicar para tal sucesión los bienes que pertenecieron a su causante y de los cuales no se desprendió válidamente.

Id.—Venta Verbal de Finca—Insuficiencia de la Prueba.—Analizada cuidadosamente la prueba presentada por la demandada para sostener su alegación de haber comprado la finca al causante de la sucesión demandante, se concluyó que era insuficiente. En casos de esta naturaleza es lo usual que exista algún principio de prueba escrita y, cuando falte, para poder establecer la certeza del hecho de la venta por medio de prueba testifical, es necesario que ésta sea robusta y completa.

Id.—Fabricación de Buena Fe en Suelo Ajeno.—Habiéndose demostrado que uno de los demandados fabricó de buena fe una casa en un suelo que creyó ser suyo y que luego resultó que pertenecía a otra persona, la propiedad de dicha casa debe regularse por lo prescrito en el artículo 370 del Código Civil revisado.

Los hechos están expresados en la opinión.

Abogado de los apelados: *Sr. José Ramón Freyre.*

Abogado de los apelantes: *Sr. Benito Forés.*

El Juez Asociado Sr. del Toro emitió la opinión del tribunal.

El presente es un pleito sobre reivindicación. En la demanda se alega que Pedro Collado Ramírez era dueño de

cierta finca rústica y que "las reclamantes fueron declaradas herederas abintestato de Pedro Collado Ramírez, o sea del dueño de la finca descrita en la alegación anterior, por la Corte de Distrito de Mayagüez, por resolución de 9 de enero de 1912." Que las demandantes son las dueñas de la predicha finca que se encuentra inscrita en el registro a favor de su causante, que está valorada para los efectos de la contribución en seiscientos dollars, y que se halla indebidamente en poder de los demandados que se han negado a dejarla a la libre disposición de las demandantes.

Los demandados opusieron a la demanda las excepciones de falta de hechos para determinar una buena causa de acción y de ambigüedad. La corte desestimó debidamente las excepciones y los demandados entonces contestaron admitiendo que Collado había sido dueño de la finca y que las demandantes fueron declaradas herederas abintestato de Collado por la corte de distrito, pero negando que las demandantes fueran dueñas de la finca en cuestión y que los demandados la ocuparan indebidamente, y alegando como materia nueva, que la demandada Domitila Pérez había comprado la finca al propio Collado a principios del año 1904; que Collado no llegó a otorgar la escritura pero ratificó la venta ante testigos; que la dicha demandada reedificó la casa de la finca, cultivó sus tierras, pagó sus contribuciones, vendió al otro demandado una cuerda de terreno, y, al enterarse de que las demandantes habían sido declaradas herederas de Collado, entabló contra ellas un pleito sobre otorgamiento de la escritura de venta, pleito que fué resuelto a su favor por la corte municipal y apelado para ante la corte de distrito.

El 17 de diciembre de 1912 se celebró la vista, y el 11 de enero de 1913 la corte de distrito emitió su opinión en la que después de estudiar ampliamente las alegaciones y las pruebas, declaró que no se había demostrado·a su satisfacción que Pedro Collado Ramírez hubiera vendido la finca litigiosa a la demandada Domitila Pérez y, por tanto, que ésta la poseyera en concepto de dueña·y que pudiera como tal haber ven-

dido válidamente la porción que vendió al otro demandado Francisco Olivo. La corte resolvió que la finca pertenecía a la parte demandante. La sentencia se registró el propio día 11 de enero de 1913, y contra ella interpusieron los demandados el presente recurso de apelación.

Después de estudiar todas las cuestiones envueltas en el recurso, se concluye que la única que ofrece algunas dudas es la relativa a la existencia o no existencia de la venta de la finca de que se trata por Pedro Collado a favor de Domitila Pérez. Si la venta existió, la parte demandante carece de acción contra la parte demandada. Si no existió, entonces la demanda debe declararse con lugar, ya que son hechos alegados y admitidos que la finca perteneció a Pedro Collado Ramírez a cuyo nombre figura aun inscrita en el Registro de la Propiedad de San Germán, y que las demandantes, declaradas por la corte herederas de Pedro Collado, constituyen hoy su sucesión y como tal sucesión y para tal sucesión reclaman.

Estudiemos la prueba que se refiere a la expresada venta. La demandada presentó la escritura de la finca a favor de Collado debidamente inscrita en el registro de la propiedad. Nada establece en favor de la demandada.

Presentó luego un recibo expedido por el farmacéutico Señor Fleytas, creditivo de haber satisfecho la demandada Domitila Pérez $25 por medicinas tomadas para Pedro Collado. Aporta un dato que puede considerarse en unión de la otra prueba.

Luego archivó un recibo de haber pagado la contribución por la finca. Aporta otro dato que puede tomarse en consideración, pero que por sí solo nada decide con respecto a que la propiedad pertenezca a la persona que satisface la contribución.

Luego introdujo una certificación del registrador de la propiedad creditiva de que la finca continúa inscrita a favor de Collado. Nada establece en pro de la demandada.

Acto seguido ofreció una certificación referente al pleito

sobre otorgamiento de escritura seguido por la aquí demandada contra los aquí demandantes y fallado a favor de la demandada por la corte municipal pero apelado por las demandantes para ante la corte de distrito en cuyo tribunal se encontraba aún pendiente de resolución. No fué admitida la prueba, sin que se cometiera por la corte error fundamental alguno a nuestro juicio, ya que en dicho pleito no se había dictado sentencia que resolviera en definitiva los derechos de las partes.

Luego declararon los testigos J. A. Fleytas y J. Ramírez Ortiz, el primero con referencia a la cuenta de medicinas de que se ha hecho mérito y el segundo con respecto a cierta deuda de Collado pagada por Domitila Pérez. Ambas declaraciones ofrecen datos que por sí solos nada deciden, pero que pueden considerarse unidos al resto de la prueba.

Acto seguido se introdujo una carta cuya firma fué reconocida por el testigo Ramírez. Dicha carta estaba dirigida a Domitila Pérez y con ella se acompañaba una cuenta con saldo en contra de Collado por $41.39, suplicando la liquidación. Con respecto al efecto de esta evidencia, repetimos lo dicho en el párrafo anterior.

Luego declararon los testigos Juan Cancio Ortiz y José Noriega, y ambos demandados. Cancio Ortiz manifestó repetidas veces durante el curso de su declaración, que estuvo en la casa de Collado cuando éste se encontraba enfermo, con la idea de comprarle la finca en cuestión, y que Collado le contestó que la había vendido a Domitila Pérez. Noriega también depuso que sabía que Domitila Pérez había comprado la finca a Collado, porque el mismo Collado se lo había dicho. La demandada Domitila Pérez aseguró que había comprado la finca a Collado en $320 de los cuales pagó de contado $200, y en medicinas y cuentas de Collado el resto; que el dinero lo obtuvo vendiendo algunos animales y auxiliada por una hermana pudiente que tenía; que Collado vendió porque tenía muchas deudas; que el deseo de Collado era otorgarle la escritura, pero murió antes de que pudiera satisfacerlo; que

ha vivido siempre en la finca como dueña pagando las contribuciones, cultivando el terreno, reconstruyendo la casa,
etc., y que vendió una cuerda de tierra de la finca a Francisco
Olivo. Este, por último, depuso que compró una cuerda de
terreno a Domitila Pérez pagándole su precio, y que fabricó
una casa sobre el terreno con dinero propio. Como puede
verse, las declaraciones de Cancio y de Noriega sólo se refieren a manifestaciones que les hiciera una persona que ya no
existe y son, además, deficientes en el sentido de que se limitan a expresar que Collado les había dicho que había vendido la finca a Domitila Pérez, pero nada indican con respecto
a las condiciones del contrato, precio, pago, etc. En la declaración de Domitila Pérez se observan muchas contradicciones y la de Olivo no da luz alguna con respecto a la cuestión
fundamental debatida.

Terminada la prueba de la parte demandada, la demandante introdujo nueva prueba consistente en las declaraciones de Clorinda Collado, María Clemencia Torres y José
Encarnación Avilés, que tienden, analizadas en conjunto, a
demostrar que Domitila Pérez fué recogida caritativamente,
acompañada de su esposo y de sus hijos, en el hogar de
Collado que era un hombre soltero; que allí murió el esposo
de Domitila y ésta continuó viviendo en la casa de Collado;
que a la muerte de Collado también permaneció en la casa,
negándose a salir de ella, dando por razón de su conducta
el que ella había asistido en su enfermedad a Collado; que
Domitila Pérez no tenía ningún bien de fortuna, y que
Collado nada debía y era hombre que vivía de sus medios.

Tal es la prueba que la corte de distrito consideró completamente ineficaz para demostrar la existencia del contrato
de compraventa alegado en la contestación. La corte de
distrito no sólo declaró con lugar la demanda, sino que impuso a ambos demandados la obligación de pagar las costas,
desembolsos y honorarios de abogado.

Hemos analizado cuidadosamente dicha prueba, y es necesario convenir en que no es suficiente, máxime faltando como

falta un principio de prueba escrita que es la usual en casos de esta naturaleza, artículo 1216 del Código Civil Revisado, pero es necesario convenir también en que deja en el ánimo del juzgador cierta duda. Tal vez si en realidad de verdad Collado tuvo la intención de vender; tal vez si vendió la finca a Domitila Pérez y ésta empezó a pagar el precio, sin llegarlo a satisfacer en su totalidad. Collado era un hombre soltero, sin hijos. Su sucesión legítima está compuesta por parientes colaterales que hoy reclaman su herencia.

A nuestro juicio los hechos y la ley imponen en este caso una sentencia declarando con lugar la demanda, pero las circunstancias del mismo son tales que no exigen que se imponga a los demandados la obligación de pagar las costas, desembolsos y honorarios de abogado.

Además, todo tiende a demostrar que el demandado Olivo, actuó de buena fe. El compró la cuerda de terreno a Domitila Pérez y en la creencia de que ya era suya, fabricó su casa. En tal virtud, el derecho del demandado Olivo, sobre la casa por él fabricada de buena fe en suelo ajeno, debe regularse por lo prescrito en el artículo 370 del Código Civil Revisado. Véase el caso de *El Pueblo* v. *El Municipio de San Juan,* decidido por esta Corte Suprema el día 6 de junio de 1913, (pág. 656).

Así modificada, debe confirmarse la sentencia contra la cual se interpuso el presente recurso de apelación.

*Confirmada, pero disponiendo que cada parte pague sus propias costas.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados MacLeary, Wolf y Aldrey.