ALCAIDE, DEMANDANTE Y APELADO, *v.* MORALES ET AL., DEMANDADAS Y APELANTES.

Apelaciones procedentes de la Corte de Distrito de Guayama en pleito sobre nulidad de reconocimiento de hija natural.

Moción del demandante-apelado para que se desestimen las apelaciones.

Nos. 1817 y 1818.—Resueltos en marzo 19, 1918.

APELACIÓN—FUNDAMENTOS DE LA SENTENCIA.—El recurso de apelación no se da contra los fundamentos de las sentencias sino contra éstas, que son las que deciden los derechos de las partes en un pleito o procedimiento. No son los fundamentos los que propiamente causan perjuicio o agravio determinante de apelación a una parte, sino las sentencias mismas.

ID.—SENTENCIA DESESTIMANDO UNA CONTRADEMANDA.—El pronunciamiento de una corte desestimando una contrademanda no irroga propiamente agravio o perjuicio alguno, cuando la misma sentencia de que se apela al declarar sin lugar la demanda implícitamente reconoce al demandado el derecho que trata de conseguir que se le reconozca mediante la contrademanda.

Los hechos están expresados en la opinión.

Abogados de las apelantes: *Sres. M. Benítez Flores* y *Eugenio Benítez Castaño.*

Abogados del apelado: *Sres. Alvarez Nava* y *Domínguez* y *F. Soto Gras.*

EL JUEZ PRESIDENTE SR. HERNÁNDEZ, emitió la opinión del tribunal.

Ante la Corte de Distrito de Guayama inició pleito Simón Antonio Alcaide y Baiz contra María de los Dolores Morales, conocida por María de los Dolores Alcaide, y su madre María Morales, con objeto de anular el reconocimiento hecho por el demandante de la demandada María de los Dolores Alcaide como hija natural suya, fundándose para ello en que dicho reconocimiento era nulo de acuerdo con la ley y fué obtenido por las simulaciones y fraudulentas representaciones de la madre de la demandada, reconocida en cuanto a la paternidad del demandante, siendo lo cierto que la menor reconocida no era ni pudo ser hija del demandante.

La demandada María Morales contestó la demanda negando los hechos perjudiciales de la misma, y la otra demandada María de los Dolores Alcaide, además de hacer lo propio presentó separadamente una contrademanda con súplica de que se la declare hija natural reconocida de Simón Antonio Alcaide.

Celebrado el juicio la corte de Guayama dictó sentencia en 8 de enero de 1918, a favor de las partes demandadas, consignando en ella que "si bien de la prueba practicada aparece que el demandante Simón A. Alcaide y Baiz, debido a su impotencia para la procreación a causa de esterilidad no fué ni pudo ser el que engendró a la menor María de los Dolores Alcaide Morales, sin embargo los actos negligentes y voluntarios de dicho demandante han creado un '*estoppel by latches*' que impide ir contra sus propios actos, y le priva por tanto de usar del derecho de anular el reconocimiento efectuado a favor de dicha menor y el cual aparece en el acta de nacimiento de la menor María de los Dolores, en el Registro Civil de Arroyo, de fecha 3 de octubre de 1900, y por con-

siguiente procede desestimar como se desestima la demanda interpuesta y asimismo debe desestimar y se desestima la contrademanda interpuesta por María de los Dolores Alcaide y Morales por carecer de finalidad legal.

Contra la anterior sentencia interpuso recurso de apelación María de los Dolores Alcaide en cuanto desestima la contrademanda por ella interpuesta, y consigna para desestimar la demanda que de la prueba practicada aparece que el demandante Simón A. Alcaide y Baiz, debido a su impotencia para la procreación a causa de esterilidad no fué ni pudo ser el que engendró a la menor María de los Dolores Alcaide Morales. También la otra demandada María Morales radicó escrito de apelación contra la sentencia en cuanto desestima la demanda consignando el fundamento anteriormente transcrito.

La representación de Simón Antonio Alcaide y Baiz ha presentado ante esta Corte Suprema dos mociones, una de ellas, número 1034, que es la que obra en estos autos, para que se desestime la apelación interpuesta por María Morales, y la otra bajo el número 1035 para que se desestime la apelación interpuesta por María de los Dolores Alcaide. Ambas mociones fueron discutidas ante esta corte en la audiencia del día 4 de marzo corriente y por la relación que guardan entre sí nos parece conveniente como lo hacemos considerarlas conjuntamente y decidirlas por una sola resolución.

Los recursos de apelación interpuestos por María Morales y María de los Dolores Alcaide no contra la sentencia que dictó la Corte de Distrito de Guayama en 8 de enero de 1918 desestimando la demanda, sino contra un fundamento de la misma, son inadmisibles pues el recurso de apelación no se da contra los fundamentos de las sentencias sino contra éstas, que son las que deciden los derechos de las partes en un pleito o procedimiento. Artículos 188 y 295 del Código de Enjuiciamiento Civil. *Díaz Caneja* v. *La Administración,* 11 D. P. R. 203; *Enrich* v. *Forteza,* 18 D. P. R. 459; *Pellicier* v. *Hernández,* 19 D. P. R. 117; *Freyre* v. *Quintero y The Na-*

*tional Surety Company,* 23 D. P. R. 128.   No son los fundamentos de las sentencias los que propiamente causan perjuicio o agravio determinantes de apelación a una parte si no las sentencias mismas.

El recurso de apelación interpuesto por María de los Dolores Alcaide contra la sentencia de 8 de enero de 1918, en cuanto desestima la contrademanda por ella interpuesta, también es inadmisible.   Tal pronunciamiento no le irroga propiamente agravio o perjuicio alguno, toda vez que la misma sentencia de que se apela, al declarar sin lugar la demanda implícitamente reconoce a María de los Dolores Alcaide el derecho que trata de conseguir que se le reconozca mediante la contrademanda.   La llamada contrademanda más que contrademanda es una defensa contra la demanda.

Por las razones expuestas procede declarar con lugar las dos mociones presentadas por Simón A. Alcaide, y desestimar los recursos de apelación interpuestos por María Morales y María de los Dolores Alcaide contra la sentencia que pronunció la Corte de Distrito de Guayama en 8 de enero de 1918.

*Desestimadas las apelaciones.*

Jueces concurrentes: Sres. Asociados Wolf, del Toro y Aldrey.

El Juez Asociado Sr. Hutchison firmó "conforme con la sentencia."