RAMÓN GONZÁLEZ, demandante y apelante, *v.* SOCIEDAD CIVIL PEÑA Y BALBÁS, demandada y apelada.

No. 4166.—*Visto:* Junio 7, 1927. *Resuelto:* Julio 26, 1928.

*Enrique Campillo*, abogado del apelante; *A. Marín Marien*, abogado de la apelada.

EL JUEZ ASOCIADO SEÑOR ALDREY, emitió la opinión del tribunal.

Ramón González tenía tres pequeñas casas de madera en un solar por el que pagaba arrendamiento a la sociedad civil Peña & Balbás y como consecuencia de un juicio de desahucio por falta de pago fué lanzado del solar y de las casas. Entonces estableció este pleito contra dicha sociedad para que le pague $688.49 como indemnización por el valor de esas casas y la demandada contestó y formuló contrademanda para que González retirase o demoliese las casas y que si no lo hacía dentro del término que la corte fijase se hiciera así por el márshal, de suerte que el solar del contrademandante quede completamente desocupado de las casas y a su libre disposición. La sentencia recaída en este pleito declaró sin lugar la demanda y con lugar la contrademanda condenando en consecuencia al contrademandado a desalojar enteramente el solar, bien transportando las casas a otro sitio o destruyéndolas, sin derecho alguno a indemnización, y que si así no lo hiciera dentro del término de diez días de ser firme la sentencia quedaba autorizada la contrademandante para hacerlo a costa de la otra parte. Contra esa sentencia interpuso el demandante este recurso de apelación.

Al confirmar nosotros la negativa de la Corte de Distrito de San Juan a expedir un auto de *mandamus* contra el márshal de una corte municipal porque después de lanzar a Ramón González de dicho solar y casas se negó a destruir

y remover las casas enclavadas en el solar, dijimos que el procedimiento de *mandamus* no era el apropiado en ese caso; y resolviendo una moción de reconsideración que se nos presentó sostuvimos nuestra decisión e hicimos referencia a los artículos 487 y 1476 del Código Civil referentes a mejoras útiles o voluntarias hechas por los arrendatarios en las fincas arrendadas.

Esos preceptos son aplicables a la presente contienda. Dicen así:

"Art. 1476.—El arrendatario tendrá, respecto de las mejoras útiles y voluntarias, el mismo derecho que se concede al usufructuario.

"Art. 487.—El usufructuario podrá hacer en los bienes objeto del usufructo las mejoras útiles o de recreo que tuviere por conveniente, con tal que no altere su forma o sustancia, pero no tendrá por ello derecho a indemnización. Podrá no obstante, retirar dichas mejoras, si fuere posible hacerlo sin detrimento de los bienes."

Esos preceptos son claros y de acuerdo con ellos el arrendatario, apelante ahora, no tiene derecho a ser indemnizado por las tres casas que tenía en el solar por·el que pagaba arrendamiento a Peña & Balbás, ya que esas construcciones tienen el carácter de mejoras útiles no indemnizables, como lo resolvió el Tribunal Supremo de España en su sentencia de 20 de abril de 1901 respecto de la construcción de tres ranchos hecha por un arrendatario en una finca arrendada.

Dice, sin embargo, el apelante que no funda su reclamación en esos artículos sino en el 370 del mismo código, y que de acuerdo con él el demandado está obligado a indemnizarle el valor de las casas. Ese artículo se halla en el capítulo que trata de la accesión y dice así:

"El dueño del terreno en que se edificare, sembrare o plantare de buena fe, tendrá derecho a hacer suya la obra, siembra o plantación, previa la indemnización establecida en los artículos 455 y 456 del Capítulo III, Título V, o a obligar al que fabricó o plantó, a pagar el precio del terreno, y al que sembró, la renta correspondiente."

Ese precepto no es aplicable a casos de arrendamientos,

equiparados por la ley a los usufructos, y en comprobación de lo dicho citaremos algunas palabras del Sr. Manresa comentando el artículo 361 del Código Civil español, igual al al 370 citado, en las que dice:

"La segunda cuestión a que nos referimos es si el art. 361 es aplicable a aquellos casos en los que el que edifica, planta o siembra sea arrendatario, enfiteuta o usufructuario del terreno de que se trata. Indudablemente que no. El mismo autor citado (refiriéndose a Laurent) entiende, de acuerdo con nuestra opinión, que deberán tales casos 'resolverse con arreglo a los principios generales aplicables a tal supuesto en el arrendamiento, enfiteusis y usufructo'; y así, por lo que respecta al primero de dichos contratos resulta confirmado en la sentencia de 28 de febrero de 1906." Manresa, tomo 3, pág. 210.

El mismo autor en el tomo 4, página 431, comentando el artículo 487 que corresponde a igual número ya citado de nuestro código, dice:

"Al usufructuario no se le pueden aplicar las reglas relativas a la accesión, ni considerársele poseedor de buena ni de mala fe."

Por lo expuesto el demandante no tiene derecho a ser indemnizado por las tres casas que tenía en el solar de Peña & Balbás.

■ Al terminar el usufructo, y lo mismo en cuanto al arrendamiento, pueden el usufructuario o el arrendatario retirar las mejoras útiles y de recreo que hubieren hecho, si fuere posible hacerlo sin detrimento de la cosa; pero al usufructuario y al arrendatario no se les puede obligar a que retiren las mejoras, aunque puedan hacerlo sin detrimento de la cosa; y como la sentencia apelada no condena al contrademandado a retirar las casas sino que le concede el derecho de retirarlas dentro de un plazo, no la modificaremos.

*La sentencia apelada debe ser confirmada.*

El Juez Asociado Sr. Texidor no intervino.