EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* FRANCISCO CARRASQUILLO RIVERA y PAULINA NEGRÓN, demandados y apelantes.

Núm. 8246.—*Sometido:* Febrero 21, 1941. *Resuelto:* Febrero 28, 1941.

*Virgilio Brunet* y *José L. Novas,* abogados de los apelantes; *Hon. Procurador General George A. Malcolm* y *Angel C. Calderón,* Asesor Legal éste del Departamento del Interior, abogados del apelado.

EL JUEZ ASOCIADO SEÑOR TODD, JR., emitió la opinión del tribunal.

La Sucesión Riera era dueña de una parcela de terreno situada en Puerta de Tierra y en el año 1927, a virtud de un contrato verbal, arrendó a Francisco Carrasquillo un solar de 155 metros cuadrados por canon de $12 mensuales, sin término fijo de vencimiento. En dicho solar Carrasquillo fabricó una casa de maderas. En el año 1937 El Pueblo de Puerto Rico compró todos los terrenos conocidos por "Barriada Riera" para dedicarlos a fines de utilidad pública y, a virtud de la Ley núm. 177 aprobada el 11 de mayo de 1938 (Leyes de 1938, pág. 375), convalidando la Resolución Conjunta núm. 20 aprobada el 6 de mayo de 1937 (Leyes de 1936–37, pág. 589), inició en la Corte de Distrito de San Juan acción de expropiación forzosa con el fin de expropiar la casa construída por el aquí apelante. Visto el caso, la corte declaró con lugar la demanda y condenó a los demandados Carrasquillo y su esposa a transmitir al Pueblo de Puerto Rico la casa, mediante el pago de $1,450 que fué el valor justo y razonable fijado por la corte, de acuerdo con su apreciación de la prueba presentada por las partes en el juicio. No conformes los demandados con la sentencia recaída han apelado para ante esta Corte Suprema.

La única cuestión envuelta en el presente recurso es la cuantía de la indemnización y, al efecto, los apelantes imputan a la corte inferior la comisión de tres errores, los que pueden sintetizarse así: primero, al declarar que el

arrendador tenía derecho a dar por terminado el contrato al fin de cualquier mes y que el demandante hubiera podido ejercitar la acción de desahucio contra el arrendatario obteniendo el desalojo del solar sin tener que indemnizar a los demandados por el valor de la casa; segundo, al declarar que la valoración de la casa fué un acto de mera liberalidad y que, por tanto, el método usado, o sea, el costo de la misma menos su depreciación por desgaste, fué razonable y les concedió una justa indemnización y, tercero, al no conceder a los demandados apelantes la suma de $600 reclamada por concepto de daños y perjuicios ocasionados por las gestiones de expropiación del demandante apelado.

El primer error señalado envuelve dos cuestiones legales distintas: el haber la corte inferior resuelto que el arrendador pudo dar por terminado el contrato de arrendamiento al finalizar cualquier mes, siendo hechos admitidos que el canon se pagaba a razón de $12 mensuales y que el contrato verbal no tenía término fijo alguno, es cosa que no admite discusión, visto el artículo 1471 del Código Civil (ed. 1930) preceptivo de que si no se hubiese fijado plazo al arrendamiento, se entiende hecho por años cuando se ha fijado un alquiler anual, por meses cuando es mensual, por días cuando es diario. Véase *Puig* v. *Soto,* 18 D.P.R. 132.

La segunda cuestión envuelta es la que se refiere a lo dicho por el juez sentenciador en su opinión de que el demandante apelado pudo ejercitar la acción de desahucio contra el arrendatario sin tener que indemnizar el valor de la casa. Sostienen los apelantes que de acuerdo con lo resuelto por esta corte en los casos de *Rivera* v. *Santiago,* 56 D.P.R. 381 y *Carrasquillo* v. *Ripoll y Maldonado Int.,* 56 D.P.R. 395, los razonamientos que expresó la corte inferior en su opinión para declarar con lugar la demanda, a virtud de lo resuelto en el caso de *González* v. *Peña & Balbás,* 38 D.P.R. 713, caen por su base. Repetidamente esta corte ha resuelto que el recurso de apelación se da contra la sentencia

y no contra sus fundamentos. *Alcaide* v. *Morales et al.*, 26 D.P.R. 238; *Meunier Fréres* v. *Amill*, 25 D.P.R. 792; *Borrero* v. *Ubarri*, 33 D.P.R. 344; y, por tanto, si la sentencia en este caso es correcta y ajustada a derecho no procede su revocàción.

 En los casos de *Rivera* v. *Santiago* y *Carrasquillo* v. *Ripoll*, supra, se resolvió, en síntesis, que las casas que de buena fe se edifiquen en suelo ajeno ceden por derecho de accesión a favor de los dueños del suelo pero la cesión no queda consumada hasta que los dueños cumplan su obligación de pagar a los edificantes el importe de los materiales invertidos y el montante de la mano de obra y, además, que el desahucio en precario no procede contra el dueño de una casa que se fabricó con el consentimiento del dueño del terreno, debiéndose recurrir a la acción ordinaria correspondiente dentro de la cual podrán dirimirse los derechos de una y otra parte, a menos que exista un pacto regulando los derechos de los litigantes con respecto a lo así edificado.

El caso de *González* v. *Peña & Balbás*, supra, citado por el juez sentenciador y que sirvió de base a su conclusión de que el demandante pudo acudir al procedimiento drástico del desahucio y que el haber escogido el de expropiación forzosa con la consiguiente indemnización sólo fué un acto de mera liberalidad, así como cualquier otro que sostenga una doctrina contraria a la establecida en los de *Rivera* v. *Santiago* y *Carrasquillo* v. *Ripoll*, supra, deben considerarse revocados.

La Enciclopedia Jurídica Española, vol. 22, pág. 216, define lo que son mejoras así:

"Las obras, trabajos y aumentos hechos en algún edificio o heredad para ponerlo en mejor estado, y en general los realizados en las cosas que producen en ellas mayor valor.

"Las mejoras son de tres clases: *necesarias, útiles y voluntarias...*"

Se reputan útiles, continúa exponiendo a la página 217, "las verificadas en beneficio de la *claridad, comodidad y salubridad* de una finca."

La construcción de una casa, en solar ajeno, de buena fe y con el consentimiento del dueño del solar, bien sea por arrendamiento o por mera tolerancia, no puede considerarse como la mejora útil o de recreo a que se refiere el artículo 416 del Código Civil aplicado en el caso de *González* v. *Peña & Balbás,* supra, y, por el contrario, debe regularse por lo prescrito en el artículo 297 del Código Civil (ed. 1930) según lo ha resulto esta corte en los casos de *Pueblo* v. *Municipio de San Juan,* 19 D.P.R. 656; *Sucn. Collado* v. *Pérez,* 19 D.P.R. 928; *King* v. *Fernández,* 30 D.P.R. 592; *Ermita de Nuestra Señora del Rosario* v. *Collazo,* 41 D.P.R. 596; *Berrocal* v. *Registrador,* 54 D.P.R. 527 y *Rivera* v. *Santiago,* supra. Véase además 3 Manresa, Código Civil Español, 203 *et seq.*

En el caso de *Berrocal,* supra, se expresó por la Corte, en forma sucinta, por medio del Juez Asociado Sr. de Jesús, la doctrina aplicable a las distintas modalidades que puedan surgir en relación con la construcción de un edificio en solar ajeno, al expresarse a la página 531 así:

"Tres modalidades distintas puede ofrecer la construcción de un edificio en solar ajeno:

"1. Puede construirse con permiso o en virtud de contrato con el dueño del suelo.

"2. Puede haberse construído de buena fe, y

"3. Puede haberse construído de mala fe.

"En el primer caso, el que construyó conserva el dominio de lo edificado con exclusión del dueño del suelo, pudiendo inscribir su edificación en el registro de la propiedad; *en el segundo caso, el dueño del suelo tampoco lo es del edificio (art. 297, Código Civil), mientras no lleve a efecto la indemnización establecida en los artículos 382 y 383 del mismo cuerpo legal;* y en el tercer caso, si bien de acuerdo con el artículo 298 del Código Civil el que edifica de mala fe en terreno ajeno pierde lo edificado, sin embargo, puede demoler la obra con abono de daños y perjuicios, siempre que pueda hacerlo sin menoscabo de la finca, y en ese caso el dueño del suelo tampoco adquiere el dominio de lo edificado. 3 Manresa, Código Civil Español, edición 1910, pág. 216." (Itálicas nuestras.)

Ahora bien, aún cuando el razonamiento de la corte inferior fué erróneo, la sentencia debe confirmarse porque los apelantes no tienen derecho a más indemnización que la concedida, ya que la valoración de la casa en $1,450, a base del costo de los materiales, más mano de obra, menos depreciación, está ampliamente sostenida por la prueba practicada, según aparece de las declaraciones de los peritos, no sólo del demandante sino de los propios demandados apelantes.

*No habiéndose cometido los errores imputados, debe confirmarse la sentencia apelada.*