RAFAEL y AMADO COLÓN, demandantes y apelantes, *v.* CLUB ROTARIO DE ARECIBO, demandado y apelado.

Núm. 8555.—*Sometido:* Junio 17, 1942. *Resuelto:* Julio 21, 1942.

*L. Mercader,* abogado de los apelantes; *Largé & Lecároz,* abogados del apelado.

EL JUEZ ASOCIADO SEÑOR TODD, JR., emitió la opinión del tribunal.

La corte inferior declaró sin lugar la demanda de desahucio en precario en este caso por haber llegado a la conclusión de que existe un conflicto de títulos entre las partes en cuanto a un edificio construído por el demandado Club Rotario de Arecibo.

Los hechos del caso, sucintamente expuestos, son los siguientes:

Manuel Oliver y su esposa, dueños de unos terrenos en 'Arecibo, arrendaron 6820 metros cuadrados al Club Rotario de Arecibo por un término de cinco años, con opción a cinco años más y a ser preferido en caso de venta; en parte de

dicho solar el Club Rotario construyó un edificio de cemento y madera, a un costo de unos $4,500 para ser usado como residencia del Club; estando vigente el arrendamiento Oliver segregó del terreno arrendado mil cuatrocientos sesenta y un metros cuadrados, precisamente donde está enclavada la casa del Club Rotario y vendió el solar y la casa a los hermanos Rafael y Amado Colón quienes radicaron demanda de desahucio en precario contra el Club al negarse a desalojar dicha casa. Ni de las alegaciones de la demanda, ni de la prueba, aparece que los demandantes notificaran al Club demandado dando por terminado el contrato de arrendamiento. La corte inferior, sin embargo, hizo constar en su opinión que no deseaba resolver el caso por este fundamento.

El análisis que dicha corte hace de la prueba presentada por las partes es el siguiente:

"La evidencia admitida que establece controversia sobre la propiedad del edificio, es en parte la siguiente:

"A.—En el contrato de arrendamiento no se describió edificio alguno, habiéndose arrendado únicamente una parcela de metros cuadrados en forma de solar, con reserva de unos garages. Algunos testigos admitieron que cuando se hizo el contrato de arrendamiento, había escombros en el solar, de una casa donde estuvo el Club Deportivo.

"B.—No se ha presentado prueba de que Manuel Oliver se opusiera a la edificación del club pues el caso se ha presentado como si Manuel Oliver fuera el dueño del edificio al venderlo.

"C.—Se admitió evidencia de un gran número de recibos para justificar el pago de los materiales de construcción y se presentaron actas del club y declaraciones de miembros de la directiva, sobre la forma como se construyó el edificio con dinero de la asociación.

"D.—Se presentó una carta de Manuel Oliver haciendo una proposición al Club Rotario de vender el terreno o comprar lo edificado; y hay una declaración del Manager del National City Bank, señor Canals, en que uno de los demandantes, Amado Colón, lo comisionó para gestionar la compra de dicho edificio a la parte demandada. Ni Manuel Oliver, ni el demandante Amado Colón, que estaba en la vista del caso, declararon ni negaron dichos hechos.

"Los demandantes tenían que hacer buena su afirmación, en forma convincente, de que el Club Rotario estaba poseyendo en precario el edificio y parcela descritos en la demanda. Esa convicción no surge de la prueba."

Hemos leído detenidamente los testimonios de los testigos de una y otra parte y somos de opinión que la sentencia debe ser confirmada, no sólo por el fundamento expuesto por la corte inferior sino por otros que expondremos más adelante.

■■ La prueba demuestra, sin dejar lugar a dudas en la mente del juzgador, que tanto a Manuel Oliver como a los aquí demandantes hermanos Colón les constaba y sabían que el edificio, que el primero vendió a los segundos junto con el solar, fué construído por el Club Rotario de Arecibo; que en el solar que Oliver le arrendó a dicho Club no existía edificación alguna y que fué a moción del propio Oliver, como miembro del Club, que se acordó hacer una derrama entre los socios para terminar de pagar los materiales de construcción; que tanto Oliver como el demandante Amado Colón trataron de comprar el edificio directamente al Club y al no conseguirlo, fué que Oliver segregó la parcela donde estaba edificada la casa y la vendió, con la casa, a los demandantes.

Es cierto que de acuerdo con el artículo 1461 del Código Civil (ed. 1930) el comprador de una finca arrendada tiene derecho a que termine el arriendo vigente al verificarse la venta, salvo pacto en contrario y lo dispuesto en la ley hipotecaria, y que en el caso de autos siendo el contrato de arrendamiento que tenía el Club con Oliver por cinco años no constaba inscrito y no perjudicaba a los demandantes, pero la prueba demuestra que los demandantes en ningún momento notificaron al demandado que daban por terminado el arrendamiento y que a ellos les constaba que la casa pertenecía al Club demandado. Es significativo el hecho de que Oliver segregó y vendió y los demandantes compraron, no toda la finca arrendada al Club Rotario, sino precisamente

el solar donde está enclavada la casa construída por el Club, después de haber fracasado los demandantes en sus gestiones de comprarla directamente al Club.

Surge de todas las circunstancias concurrentes en este caso, el hecho primordial de que Oliver al vender sabía que la casa construída en los terrenos que arrendó al Club no le pertenecía y que los demandantes también conocían ese hecho. De manera que, no sólo porque la prueba demostró que existe un conflicto de títulos en cuanto a la casa, sino también porque dicha casa, una edificación de carácter permanente, fué construída por el demandado con el consentimiento expreso de Oliver, no es en el procedimiento sumario de desahucio que deben resolverse los derechos de las partes, según la doctrina establecida en los casos de *Pueblo* v. *Carrasquillo,* 58 D.P.R. 176 y *Palermo* v. *Corte,* 58 D.P.R. 189, ratificada en el de *Aybar* v. *Jiménez,* resuelto en el día de hoy (ante, pág. 745).

*Se confirma la sentencia apelada.*