ANTONIO R. SANTOS, demandante y apelante, *v.* PASCUAL TORRES, demandado y apelado.

Núm. 9311.—*Sometido:* Junio 12, 1946. *Resuelto:* Julio 22, 1946.

*Antonio L. López,* abogado del apelante; el apelado no compareció.

EL JUEZ PRESIDENTE SEÑOR TRAVIESO emitió la opinión del tribunal.

Antonio R. Santos radicó demanda de desahucio en precario alegando que es dueño en pleno dominio de una finca rústica, con su título inscrito en el Registro de la Propiedad de Bayamón; y que el demandado, sin pagar canon o merced alguna, ha estado detentando la posesión material del inmueble desde el 1º. de noviembre de 1944. Contestó el demandado negando los hechos expuestos en la demanda y alegó la insuficiencia de los mismos para constituir una causa de acción. Como materia nueva alegó que en abril 1 de 1942 la finca descrita en la demanda le fué dada en arrendamiento por su dueña Celestina Silva, por un término de

cinco años y por un canon anual de $70 pagadero al vencimiento de cada año; que el término del arrendamiento no ha vencido y que la arrendadora se comprometió a concederle una prórroga de seis meses para cosechar los frutos en el caso de que no se hiciere un nuevo contrato; que el demandado construyó dos casas y cultivó la finca, teniendo dichas dos casas y plantaciones un valor de $2,000; que aun cuando el demandado es un poseedor de buena fe, por virtud del contrato de arrendamiento, el demandante no ha procedido a hacer arreglos con el demandado para la previa valoración y pago de las casas y plantaciones.

En octubre 26 de 1945 la Corte de Distrito de Bayamón dictó sentencia declarando con lugar la demanda. Solicitó el demandado la reconsideración y declarada ésta con lugar se celebró la vista del caso el 30 de noviembre de 1945. En diciembre 11 de 1945 la corte *a quo* dictó sentencia declarando sin lugar la demanda y el demandante apeló.

Alega el demandante que la corte inferior erró (1) al declarar que el demandado tenía dos casas en la finca objeto del desahucio y (2) al aplicar al presente caso la doctrina establecida por esta Corte en *Reyes* v. *Vázquez,* 58 D.P.R. 786; *Aybar* v. *Jiménez,* 60 D.P.R. 745; *Pueblo* v. *Carrasquillo,* 58 D.P.R. 176; *Palermo* v. *Corte,* 58 D.P.R. 189; *Carrasquillo* v. *Ripoll,* 56 D.P.R. 395 y *Colón* v. *Club Rotario,* 60 D.P.R. 750.

■ De la prueba ofrecida por el demandado, a la que dió entero crédito la corte sentenciadora, aparece que el demandado tomó posesión de la finca en abril de 1942 por virtud de un contrato de arrendamiento celebrado con la anterior dueña del inmueble; que en 1943 el demandado construyó dos casas de madera y zinc, una para vivienda de su familia y la otra para la de un agregado; que la anterior dueña de la finca no se opuso a que se construyeran las casas; y que en la finca existían plantaciones de batatas, plá-

tanos, yautías y otros frutos pertenecientes al demandado. No se cometió el primer error.

■■ No hay duda alguna en cuanto a que el demandante al adquirir la finca adquirió el derecho a poner término al arrendamiento vigente al verificarse la venta, por no estar el mismo inscrito en el Registro de la Propiedad; y que el demandado tiene derecho a exigir que se le deje recoger los frutos de la cosecha del año corriente y a que el vendedor le indemnice los daños y perjuicios que se le causen. Artículos 1439 y 1946 del Código Civil (1930). El arrendatario demandado tiene derecho a retirar las mejoras útiles o de recreo que hubiere hecho en la finca durante el término del arrendamiento, pero no tiene derecho a reclamar que se le indemnice el valor de dichas mejoras. Artículo 416 del Código Civil. De acuerdo con las disposiciones legales citadas, si el contrato de arrendamiento celebrado entre la anterior dueña, Celestina Silva, y el demandado hubiese continuado en vigor hasta la expiración del término de cinco años, el demandado no hubiera tenido derecho alguno a exigir que la dueña de la finca le pagara el valor de las casas por él construídas. ¿Por qué ha de tener derecho a reclamar indemnización del nuevo dueño de la finca, quien ni siquiera tenía conocimiento de que las casas pertenecieran al arrendatario?

Los casos en que se basó la corte inferior para declarar sin lugar la demanda no son aplicables a los hechos del caso que estamos considerando. Si se examinan los hechos en los casos citados por la corte sentenciadora se verá que en todos éllos se trata de edificaciones hechas en suelo ajeno, con el consentimiento del dueño del terreno y sin que se fijara término alguno al derecho a usar el terreno en que se ha hecho la edificación. En el caso de autos el demandado tomó la finca en arrendamiento por un término de cinco años y sabía que al expirar dicho término tendría el derecho de re-

tirar las mejoras útiles o de recreo hechas por él en la finca durante el término del arrendamiento, pero no derecho alguno a reclamar indemnización por el valor de las mejoras.

*La sentencia recurrida debe ser revocada y en su lugar se dictará otra declarando con lugar la demanda, con las costas al demandado.*