RAFAEL MARCHAND GONZÁLEZ, demandante y apelado, *v.* EUGENIO MONTES VIERA y PROVIDENCIA QUIN, demandados y apelantes.

Número 11324.

*Sometido:* 3 de noviembre de 1954.  *Resuelto:* 30 de marzo de 1955.

*Gaspar Gerena Bras,* abogado de los apelantes; *Otero Suro & Otero Suro,* abogados del apelado.

EL JUEZ ASOCIADO SEÑOR MARRERO emitió la opinión del Tribunal.

Rafael Marchand González instó demanda de accesión contra Eugenio Montes Viera y su esposa Providencia Quin. Alegó en ella que es dueño en pleno dominio de un solar y casa situados en la sección norte de Santurce; que hacia el fondo del solar, y dentro del mismo, los demandados construyeron un ranchón de maderas techado de zinc, que en la parte del solar del demandante mide 5½ metros de frente por 7¾ metros de fondo; que dicha edificación se construyó de mala fe, sin el consentimiento o conocimiento del demandante o de

los anteriores dueños; y que interesa que los demandados demuelan la obra que han construído sobre su solar y repongan a su costo las cosas a su estado primitivo.

Contestaron los demandados negando los hechos esenciales de la demanda y alegando que construyeron de buena fe hace más de 20 años y con el consentimiento del anterior dueño, y que el demandante adquirió la casa y el solar que colindan con el solar de ellos(1) a sabiendas de que entre Vicente Arriví, anterior dueño de la propiedad, y los demandados existía un contrato de opción para vender a éstos la casa y el solar que aquél adquirió; y que ellos habían mejorado dicha casa con una inversión de $2,000 hecha en el balcón de la misma, en el entendido de que la casa les sería vendida. Solicitaron los demandados que se ordenara la citación de Arriví como parte del procedimiento y que en su día se dictara sentencia condenando al demandante y a Arriví a pasar a los demandados-contrademandantes el título de la casa y el solar que compró el demandante, por el precio que fué convenido, más las costas, gastos y honorarios de abogado.

Así las cosas fué el pleito a juicio. El tribunal dictó sentencia declarando con lugar la demanda y sin lugar la contrademanda y ordenando a los demandados, por separado o conjuntamente, que demuelan a su costa las obras que edificaron en el solar del demandante dentro del término de 30 días, contado a partir de aquél en que sea firme la sentencia, más las costas.

En apelación los demandados imputan al tribunal sentenciador haber errado (1) al aplicar indebidamente los arts. 298, 299 y 300 del Código Civil; al no aplicar el art. 297 de ese cuerpo legal y al concluir que ellos construyeron el ranchón de mala fe; (2) al concluir que el demandante no actuó de mala fe al comprar la casa y el solar con conocimiento del compromiso de venta existente entre Arriví y los demandados; y (3) al actuar movido por pasión, prejuicio y parcialidad.

(1) De los autos se desprende que los demandados adquirieron un pequeño solar que linda con la parte posterior del solar del demandante.

■■■ Toda vez que es necesario determinar en primer lugar si los arts. 297 y siguientes del Código Civil, (ed. de 1930) que tratan del derecho de accesión respecto de los bienes inmuebles, son aplicables a un caso como el presente, en el cual las personas que construyeron eran arrendatarias del dueño del solar en que se edificó, y en el que el ranchón construído lo fué en parte en solar propio y en parte en solar perteneciente a otra persona, nos parece apropiado hacer un análisis de los casos resueltos hasta ahora por nosotros que guardan cierta similitud, aunque remota, con la cuestión aquí envuelta. Así lo haremos:

En *González* v. *Peña y Balbás*, 38 D.P.R. 713, el demandante construyó tres pequeñas casas de madera en un solar por el cual pagaba cánones de arrendamiento a la sociedad demandada. Como consecuencia de un juicio de desahucio, el demandante fué lanzado del solar y de las casas. Entonces entabló pleito interesando se condenara a la sociedad a pagarle cierta cantidad como indemnización por el valor de las casas. Resolvimos que un arrendatario no tenía derecho a ser indemnizado por casas que él construyó en un solar por el cual pagaba arrendamiento; que el art. 370 del Código Civil, ed. de 1911 (art. 297, ed. de 1930) no era aplicable a casos en los que el que edificaba en solar ajeno era arrendatario; y que al terminar el arrendamiento no podía obligarse al arrendatario a retirar las mejoras hechas por él, aunque pudiera hacerlo sin detrimento de la cosa, pero que el arrendatario sí tenía el derecho de retirarlas.

En *Rivera* v. *Santiago*, 56 D.P.R. 381, resolvimos que las casas que *de buena fe* se edifiquen en suelo ajeno ceden por derecho de accesión a favor de los dueños del suelo, pero que tal cesión no queda consumada hasta que los dueños del suelo cumplan su obligación de pagar a los edificantes el importe de los materiales invertidos en las edificaciones y el monto de la mano de obra. También, que el desahucio en precario no procede contra el dueño de una casa que enclavada en los terrenos objeto del pleito fué fabricada en los mismos con el

consentimiento del dueño de éstos, a menos que existiera un pacto regulando los derechos de los litigantes con respecto a lo edificado. (En este caso las personas que edificaron en suelo ajeno no eran arrendatarios de los demandantes.)

En *Carrasquillo* v. *Ripoll*, 56 D.P.R. 395, decidimos que la persona que siembra *de buena fe* en terreno ajeno tiene derecho a que se le indemnice el valor de sus plantaciones; que las casas que *de buena fe* se construyan en suelo ajeno ceden por derecho de accesión a favor de los dueños del suelo, y que tal cesión no queda consumada hasta que los dueños del suelo cumplan su obligación de pagar a los edificantes el valor de los materiales y de la mano de obra. (En este caso el demandado tampoco era un arrendatario del demandante.)

En *Pueblo* v. *Carrasquillo*, 58 D.P.R. 176 el demandante, Pueblo de Puerto Rico, adquirió mediante expropiación ciertos terrenos situados en la barriada Riera de Puerta de Tierra, así como una casa de maderas que el demandado Carrasquillo había construído *con autorización de la anterior dueña de los terrenos*, en un pequeño solar, que era parte de los terrenos expropiados, cedídole en arrendamiento. Resolvimos que la construcción de una casa, en solar ajeno, *de buena fe* y con el consentimiento del dueño del solar, *bien sea por arrendamiento o por mera tolerancia*, no siendo una mejora útil o de recreo, se regula no por el art. 416 sino por el art. 297 del Código Civil, edición 1930. En ese caso revocamos expresamente el de *González* v. *Peña y Balbás*, supra, (²) "así como cualquier otro que sostenga una doctrina contraria a la establecida en los de *Rivera* v. *Santiago*, y *Carrasquillo* v. *Ripoll*, supra."

En *Reyes* v. *Vázquez*, 58 D.P.R. 786, fuimos de opinión que la persona que a sus expensas y *con conocimiento del dueño* de una finca construya en ella por tolerancia una casa y la viva es un edificante y poseedor de buena fe, con derecho

---

(²) Según veremos más adelante, la revocación del caso de *Peña y Balbás*, supra, en el cual existía un arrendamiento, no estuvo justificada.

a ocupar la edificación mientras dicho dueño no le pague el importe de los materiales y el costo de la mano de obra, y que para desahuciar de la finca a la persona que construya la casa la demanda debe alegar tal pago con anterioridad a su radicación. (Tampoco se trataba aquí de un arrendatario de terrenos.)

En *Aybar* v. *Jiménez,* 60 D.P.R. 745, las demandantes eran dueñas de un solar y cedieron parte del mismo en arrendamiento al demandado, quien construyó allí un quiosquito o casilla donde estableció un pequeño taller de zapatería. Nos ratificamos en nuestra opinión de que "una casa de vivienda, una edificación de carácter permanente, no constituye una mejora útil o de recreo, (³) y que cuando es construída de buena fe, con conocimiento del dueño del terreno que lo arrendó para dicho fin y sin que se pactara nada con el que edificó para regular los derechos de uno y otro con respecto a lo edificado, no procede el desahucio," y que tal doctrina se aplica a casos en los cuales lo construído o edificado es de carácter permanente, pero no así a aquéllos en que, como en ese caso, la construcción no tenga ese carácter. En vista de ello se decretó el desahucio del demandado. (En el caso no estaba envuelta la doctrina de accesión.)

En *Santos* v. *Torres,* 66 D.P.R. 443, se incoó por el demandante una demanda de desahucio en precario. El demandado alegó que la finca descrita en la demanda le fué dada en arrendamiento por la anterior dueña y que en dicha finca él construyó dos casas y cultivó la misma, con la aquiescencia de dicha anterior dueña. Resolvimos que el demandado tenía derecho "a retirar las mejoras útiles o de recreo hechas por él en la finca durante el término del arrendamiento, pero no derecho alguno a reclamar indemnización por el valor de las mejoras." (⁴) (Este último principio está en armonía con

---

(³) Es innecesario discutir ahora si una casa de vivienda o una edificación de carácter permanente, constituye o no, en términos generales, una mejora útil.

(⁴) Como veremos más adelante, este Tribunal ahora se adhiere a esta doctrina.

lo resuelto en *González* v. *Peña y Balbás*, supra, que ya había sido revocado expresamente en *Pueblo* v. *Carrasquillo*, supra.)

En *Figueroa* v. *Rodríguez*, 68 D.P.R. 266, el demandante cedió en arrendamiento un solar al demandado y amparado en ese contrato el demandado contruyó sobre el solar una casa de maderas y dos casillas de concreto, que dedicaba al comercio. Resolvimos que el derecho de accesión surge "tanto cuando se construye de buena fe sin permiso del dueño y en la creencia de que es propietario del terreno sobre el cual se edifica, como cuando se fabrica con el consentimiento expreso del arrendador."

Y en *García* v. *Stella*, 69 D.P.R. 977, decidimos que "procede la accesión cuando un edificante de buena fe construye en suelo ajeno sin que exista arrendamiento del solar y, existiéndolo, cuando ha terminado." Hasta aquí la discusión de casos ligeramente similares resueltos por este Tribunal.

Examinemos ahora la situación en el caso de autos. De la prueba en él aducida se desprende que el anterior dueño de la propiedad que hoy día pertenece al demandante, cedió la misma en arrendamiento a los demandados y que en la parte posterior del solar ocupado por la casa arrendada y en parte de otro pequeño solar por ellos adquirido, lindante con el de la propiedad por ellos ocupada, éstos construyeron un ranchón de maderas y cemento, en el cual hay tres apartamientos habitados por distintas familias. Según esa prueba, los demandados siempre tuvieron la creencia de que el arrendador les vendería la propiedad objeto del contrato de arrendamiento. Sin embargo, nada hay que demuestre que el predecesor en título del demandante jamás se aviniera a vender la propiedad a sus arrendatarios, que diera a éstos opción de compra de clase alguna en relación con dicha propiedad, que les diera autorización para construir el ranchón o que el mismo se edificara a ciencia y paciencia de dicho predecesor. Así concluyó el tribunal a quo.

¿Son los arts. 297, 298, 299 y 300 del Código Civil de Puerto Rico (ed. de 1930), que tratan del derecho de acce-

138

sión, aplicables a la situación que nos ocupa? (⁵)    Claramente
que no.    Conforme dice Manresa en sus Comentarios al Có-
digo Civil Español, tomo 3, (séptima ed.), pág. 303:

"La segunda cuestión a que nos referimos es si el art. 361
[297 Código Civil de Puerto Rico, ed. de 1930] es aplicable a
aquellos casos en los que el que edifica, planta o siembra sea
*arrendatario*, enfiteuta o usufructuario del terreno de que se
trata. *Indudablemente que no. El mismo autor citado (Laurent)
entiende, de acuerdo con nuestra opinión, que deberán tales ca-
sos 'resolverse con arreglo a los principios generales aplicables
a tal supuesto en el arrendamiento, enfiteusis y usufructo,' y así,
por lo que respecta al primero de dichos contratos (arrenda-
miento) resulta confirmado en la sentencia de 28 de febrero de
1906."*    (103 Jur. Civ. 463.)    (Corchetes y Bastardillas nues-
tros.)

Dispone el art. 1463 del Código Civil que "el arrendatario
tendrá respecto de las mejoras útiles y voluntarias, el mismo
derecho que se concede al usufructuario," y el 416 del mismo
cuerpo legal preceptúa que: "el usufructuario podrá hacer
en los bienes objeto del usufructo las mejoras útiles o de
recreo que tuviere por conveniente, con tal que no altere su
forma o substancia, pero no tendrá por ello derecho a indem-
nización," y que "podrá no obstante, retirar dichas mejoras,

---

(⁵) Los arts. 297 al 300 del Código Civil, ed. de 1930, prescriben:
"Artículo 297.—El dueño del terreno en que se edificare, sembrare o
plantare de buena fe, tendrá derecho a hacer suya la obra, siembra o plan-
tación, previa la indemnización establecida en los arts. 382 y 383 de este
código, o a obligar al que fabricó o plantó, a pagar el precio del terreno,
y al que sembró, la renta correspondiente.
"Artículo 298.—El que edifica, planta o siembra de mala fe en terreno
ajeno, pierde lo edificado, plantado o sembrado sin derecho a indemnización.
"Artículo 299.—El dueño del terreno en que se haya edificado, plantado
o sembrado con mala fe, puede exigir la demolición de la obra o que se
arranque la plantación y siembra, reponiendo las cosas a su estado primi-
tivo a costa del que edificó, plantó o sembró.
"Artículo 300.—Cuando haya habido mala fe, no sólo por parte del que
edifica, siembra o planta en terreno ajeno, sino también por parte del dueño
de éste, los derechos de uno y otro serán los mismos que tendrían si hu-
bieren procedido ambos de buena fe.
"Se entiende haber mala fe por parte del dueño siempre que el hecho
se hubiere ejecutado a su vista, ciencia o paciencia, sin oponerse."

si fuere posible hacerlo sin detrimento de los bienes." Así pues, tanto el art. 1463 como el 416, supra, se refieren a mejoras útiles y voluntarias, o a mejoras útiles o de recreo, y como veremos en seguida, el ranchón construído por los demandados no es una mejora útil ni de recreo.

Según indica el ilustre tratadista Castán Tobeñas en su obra sobre Derecho Civil Español, Común y Foral, tomo primero, séptima ed. (1949), pág. 621: "gastos o mejoras útiles son aquéllos que, sin ser necesarios, *sirven para aumentar la capacidad de rendimiento de la cosa* y consiguientemente su valor (*como nuevas construcciones* o plantaciones u obras o labores para intensificar el cultivo) . . . mas para que sean verdaderas mejoras es menester . . . que sean obra del hombre; que se hayan realizado en el mismo fundo; que tengan carácter de estable y objetivo y *que aumenten la potencia de rendimiento del fundo.*" (Bastardillas nuestras.) Dice además este tratadista a la página 622 de su obra citada que: "los gastos y mejoras revisten especial relevancia e interés para el derecho cuando son hechos sobre cosa ajena, pues producen en tal caso, a virtud de los principios del enriquecimiento, determinados derechos de reembolso y de garantía a favor del mejorante. No obstante, tratándose de gastos voluntarios, no suele admitirse ningún derecho de reembolso y sí sólo el *ius tollendi,* o sea el derecho de llevarse los adornos de que se trate, cuando sea posible hacerlo sin daño de la propiedad."

El no menos ilustre tratadista Manresa en su citada obra, tomo 4, sexta ed. (1951), pág. 292, nos dice que: "mejora es aumento de valor de la cosa, *acrecentamiento de su utilidad,* beneficio real, esencial o accidental, sobre lo que existía;" y a la página 298 que *"son mejoras útiles las que aumentan el producto o causan verdadero provecho o beneficio"* y que "son de puro lujo o mero recreo, las de simple ornato o comodidad, las que embellecen la cosa sin que en su realización influya la necesidad ni el deseo de lucro." (Bastardillas nuestras.)

■ El ranchón construído por los demandados en este caso, en parte en el solar del demandante y en parte en solar ajeno, no es una obra útil o de recreo, ya que el mismo no sirve en forma alguna para aumentar la capacidad de rendimiento de la propiedad ajena sobre la cual se construyó. Tampoco es una mejora de puro lujo o mero recreo, puesto que difícilmente puede concluirse que dicho ranchón constituye una obra de simple ornato o comodidad o que embellezca la propiedad sin influir la necesidad o el deseo de lucro. Una edificación como el ranchón en controversia es además algo indivisible, toda vez que "toda edificación debe considerarse indivisible" Revista de Derecho Privado, tomo 31, pág. 446—y siendo ello así, lejos de producir beneficios a la propiedad del demandante, le produce perjuicios. En su consecuencia, lo preceptuado por los arts. 1463 y 416, supra, no es aplicable a la situación que está ante nos. Véanse también Scaevola, Código Civil, Tomo IX, ed. de 1948, pág. 342, y Manresa, ob. cit., tomo 4, sexta ed. pág. 485.

■■ El art. 1451 del Código Civil, ed. de 1930, prescribe que "el arrendatario debe devolver la finca, al concluir el arriendo, tal como la recibió, salvo lo que hubiese perecido o se hubiera menoscabado por el tiempo o por causa inevitable." En este caso no se desprende en forma alguna de los autos si el contrato de arrendamiento terminó ni, por ende, si el demandado ha entregado al demandante la posesión de la casa arrendada. Véanse los arts. 1439 y 1461 del Código Civil. (⁶) A virtud de los claros preceptos del art. 1451, supra, al cesar

---

(⁶) Los arts. 1439 y 1461 del Código Civil disponen:

"Artículo 1439.—Con relación a terceros, no surtirán efecto los arrendamientos de bienes raíces que no se hallen debidamente inscritos en el registro de la propiedad."

"Artículo 1461.—El comprador de una finca arrendada tiene derecho a que termine el arriendo vigente al verificarse la venta, salvo pacto en contrario y lo dispuesto en la ley hipotecaria.

"Si el comprador usare de este derecho, el arrendatario podrá exigir que se le deje recoger los frutos de la cosecha que corresponda al año agrícola corriente y que el vendedor le indemnice los daños y perjuicios que se le causen."

el contrato de arrendamiento los demandados están obligados a entregar la finca arrendada "tal como la recibieron." Como en el caso de autos ellos han construído un ranchón en parte del solar arrendádoles, al entregar la propiedad deberán hacerlo eliminando o quitando del mismo la parte del ranchón que en ese solar ajeno han construído, sin la anuencia o tolerancia del demandante o de su predecesor. (⁷)

Conforme dice Laurent en su obra sobre Principios de Derecho Civil, Tomo 25, (ed. 1919), pág. 210:

"La única obligación que la ley y la naturaleza del contrato imponen al arrendatario es devolver la cosa al dador y tal cual se recibió. Luego está obligado a quitar las plantaciones y construcciones que no existían cuando se celebró el contrato. La obligación del arrendatario de devolver la cosa tal cual la recibió, da al dador el derecho de exigir que vuelva a poner el local en su estado primitivo. *Puede, pues, pedir que las construcciones sean demolidas* y los plantíos arrancados. . . . el derecho de accesión no puede ser invocado más que cuando el detentor de la cosa no tiene el derecho de quitar los plantíos y construcciones, y este derecho pertenece al arrendatario; tal cosa resulta de la naturaleza del arrendamiento que le da el derecho de hacer trabajos y, por consiguiente, el de disponer de ellos. *El derecho absoluto de accesión supone que no hay ninguna liga de derecho entre el propietario y el arrendatario. Este derecho absoluto está modificado por el contrato: es imposible que el dador lo tenga contra el arrendatario, ni siquiera al concluir el arrendamiento, pues si lo tuviera en esta época lo tendría igualmente durante el contrato, y se reconoce que no lo tiene. Nuestra conclusión es que el único derecho del dador es exigir que los plantíos y las construcciones sean quitadas.*" (Bastardillas nuestras.)

A virtud de todo lo anterior concluímos que el tribunal a quo erró al aplicar al caso de autos los arts. 297 y siguientes del Código Civil, ed. 1930. Concluímos asimismo que el demandante tiene derecho a que la parte del ranchón que ha sido construída sobre el solar que le pertenece sea demolida. La sentencia sin embargo será revocada, no porque el tribunal sentenciador aplicara equivocadamente los artículos sobre ac-

(⁷) El caso de *Berrocal* v. *Tribl. de Distrito*, 76 D.P.R. 38, es distinguible del presente.

cesión de nuestro Código Civil—la apelación se da contra la sentencia y no contra sus fundamentos—sino debido al hecho de que de los autos no se desprende en forma alguna que el contrato de arrendamiento ha terminado y que como consecuencia de ello los demandados han entregado la posesión de la propiedad arrendada al demandante.[8]   Disponemos así del primer error señalado.

■■ Los errores segundo y tercero apenas requieren consideración.   Nada hay en los autos que revele que el demandante actuara de mala fe al adquirir la propiedad.   (Así concluyó el tribunal a quo.)   Nada hay que revele tampoco que dicho tribunal errara en la apreciación de la prueba o que actuara movido por pasión, prejuicio o parcialidad.   *Peña* v. *Sucn. Blondet,* 72 D.P.R. 9; *Robles* v. *Guzmán,* 67 D.P.R. 718. Sobre este último extremo deseamos repetir aquí lo que dijimos en *Colón* v. *Gobierno de la Capital,* 62 D.P.R. 25, 34, a saber: "Es censurable la práctica de hacer tales imputaciones cuando no se puede someter a la consideración de la corte ante la cual se acude en apelación ni el más leve indicio de que el juez sentenciador no actuó con la ecuanimidad, rectitud e imparcialidad con que deben actuar los que llevan sobre su conciencia la seria responsabilidad de administrar justicia." Véanse también *Sandoval* v. *Simonet,* 62 D.P.R. 400; *Sucn. Gómez* v. *Colón,* 63 D.P.R. 104; *Muñoz* v. *Sucn. López de Azúa,* 65 D.P.R. 741.

*Debe revocarse la sentencia apelada y devolverse el caso al Tribunal Superior, Sala de San Juan, para ulteriores procedimientos no inconsistentes con esta opinión.*[9]

El Juez Asociado Sr. Belaval está conforme con el resultado.

---

[8] No debemos sugerir aquí el procedimiento a seguirse en relación con los inquilinos que ocupan la parte del ranchón a ser destruída.

[9] El presente no es un verdadero caso de extralimitación, es decir, no es uno en que el dueño de un solar construye en éste y por error o inadvertencia se extralimita y edifica de buena fe en parte en solar ajeno.   En tal caso las consecuencias, de ordinario, son distintas.   Véase la sentencia del Tribunal Supremo de España de 31 de mayo de 1949, 26 Jur. Civ. (nueva serie), pág. 1090.