OTILIO SANDOVAL, demandante y apelante, *v.* JACOBO SIMONET, demandado y apelado.

Núm. 8644.—*Sometido:* Junio 4, 1943. *Resuelto:* Julio 21, 1943.

*E. Pérez Casalduc,* abogado del apelante; *Francisco M. Susoni, Jr.,* abogado del apelado.

EL JUEZ ASOCIADO SEÑOR TODD, JR., emitió la opinión del tribunal.

En su demanda original en este caso Otilio Sandoval el 8 de diciembre de 1939 demandó a John Doe como tenedor de tres pagarés hipotecarios al portador que por las sumas de $8,000, $5,000 y $4,000 había otorgado al demandante el 12 de mayo de 1937 y alegó en los hechos cuarto y quinto:

"IV. Que en los primeros días del mes de noviembre de 1939, el demandante buscó entre sus documentos personales las tres obligaciones hipotecarias antes reseñadas para proceder a su cancelación correspondiente después de haberle sido devueltas por el banco y pagada la obligación que motivó su dicha expedición y a pesar de las diligencias y búsquedas practicadas no ha podido encontrarlos y considera los mismos extraviados.

"V. Que el demandante no ha entregado, cedido, endosado ni en forma alguna traspasado a persona alguna las repetidas obligaciones hipotecarias transcritas en el hecho primero de esta demanda."

Solicitó sentencia declarando nulas y sin ningún valor dichas obligaciones y ordenando la cancelación del gravamen inscrito en el registro de la propiedad sobre varias fincas de su propiedad. Publicados los edictos correspondientes em-

plazando al supuesto tenedor de los pagarés, John Doe, compareció entonces Jacobo Simonet y en su escrito hizo constar que era dueño y único tenedor de los pagarés por habérselos entregado el demandante a virtud de obligaciones contraídas con él.

La corte inferior ordenó al demandante enmendar su demanda sustituyendo a Jacobo Simonet como demandado y haciendo las alegaciones pertinentes. Así lo hizo el demandante y en su demanda enmendada negó haber hecho negocio alguno con el demandado respecto a los pagarés y que se los hubiera entregado o dado en garantía en ninguna forma, y alegó:

"5. Que el demandante es casado con una hermana del demandado desde el año 1934; que en abril del año 1937 la demandada (sic) se fué a San Juan recluyéndose en el Hospital 'Auxilio Mutuo' para dar a luz al último de los hijos habidos en el matrimonio, y contra la voluntad del demandante se quedó viviendo en Santurce en la casa de sus padres, a la que el demandante estuvo visitando por algún tiempo, una vez o dos por semana, quedándose a dormir en ella los sábados y domingos, hasta que su esposa le manifestó que no debía visitarla más en dicha casa.

"6. Que haciendo ahora un recuerdo exacto de fechas, lugares y personas en relación con el extravío de las mencionadas obligaciones, puede alegar que allá para el año 1938, al pagar al Banco Royal Bank of Canada de San Juan el importe de un préstamo que había tomado a dicha institución con la garantía colateral de las obligaciones de referencia, le fueron devueltas las mismas, las que el demandante llevó consigo hasta la casa donde vivía su esposa con sus padres y el demandado en este caso, y al informarle a su esposa que había pagado el préstamo al banco y recogido los pagarés que le mostraba, ella le pidió que no llevara las obligaciones a Manatí porque podían extraviárseles; que las dejara guardando en su poder ofreciendo devolvérselas cuando él se las requiriese; que posteriormente, al requerir a su esposa la devolución de esos documentos ésta negó haberlos recibido y se negó a entregarlos.

"7. Que el demandante y su esposa, Sylvia Simonet, viven separados desde el día a que se hace referencia en el hecho quinto de esta demanda, y desde esa fecha su esposa habita en la misma casa donde vive su hermano, el demandado en este caso.

"8. Que existe una acción de divorcio entre el demandante y su esposa en la que esta Hon. Corte dictó sentencia a favor de la demandante Sylvia Simonet, sentencia que fué apelada por el demandado Otilio Sandoval, demandante en este caso.

"9. Que el demandado y su mencionada esposa, se han puesto de acuerdo para privar al demandante de la posesión de los pagarés a que se refiere esta demanda, con el propósito de entorpecerle en sus negocios y quitarle la libre administración de sus bienes."

El demandado aceptó y negó algunos de estos hechos en su contestación y en oposición alegó:

"Que el demandante abandonó a su esposa Sylvia Simonet y a sus hijos, habiendo convenido a requerimiento del demandado a que éste suministrara todo lo necesario a la subsistencia de ellos durante todo el tiempo que durase la acción de divorcio en garantía de cuyos desembolsos el demandante convino en entregar y entregó voluntariamente al demandado las obligaciones hipotecarias envueltas en esta acción y que el demandado en consideración a dicha transacción ha venido sosteniendo a la esposa del demandante y a sus hijos en todos sus gastos durante todo el tiempo desde el año 1937 hasta la actualidad sin que el demandado en ningún momento haya satisfecho los mismos en todo ni en parte."

La corte inferior dictó sentencia declarando sin lugar la demanda y el demandante estableció el presente recurso de apelación en el que alega que la corte sentenciadora erró al negarse a decretar la devolución de los pagarés que obran en poder del demandado, a pesar de no haber demostrado éste tenerlos en su poder, temporal o permanentemente, a virtud de algún traspaso válido que le hiciese el dueño de ellos, el demandante apelante en este caso, y al abusar de su discreción condenando al demandante al pago de honorarios de abogado.

Aun cuando el apelante no hace un señalamiento de error específico imputando pasión, prejuicio o parcialidad a la corte inferior al discutir el primer error lo hace casi exclusivamente a base de que las palabras usadas por el juez sentenciador en su opinión demuestran que actuó movido por pasión y prejuicio. No creemos que sea ésta una buena prác-

tica, *Cf. Luis Colón Vega* v. *El Gobierno de la Capital*, resuelto el 18 de mayo de 1943 (ante, pág. 25), ya que lo que el error señalado envuelve es la determinación de si la conclusión legal a que llegó la corte inferior está sostenida por la prueba presentada. Si un apelante desea hacer una imputación de pasión, prejuicio o parcialidad debe hacerlo en un señalamiento específico al efecto y además, debe existir base o justificación en el récord que lo sostenga. *Colón* v. *Gobierno de la Capital,* supra.

En la vista del caso solamente declararon el demandante y el demandado y la corte inferior dió más crédito a la declaración del demandado y resolvió el conflicto de la evidencia a su favor diciendo:

". . . Pero la teoría del demandado se amolda más a las circunstancias que rodean las relaciones entre Sandoval, su esposa, y la familia de ésta; y además, es un hecho del cual la corte está convencida, que durante los últimos años, por lo menos, desde que se presentó la demanda de divorcio, Sandoval no ha atendido económicamente a su esposa e hijos.

"De existir una intención o combinación fraudulenta, el demandado pudo alegar que Sandoval le cedió los pagarés por valor recibido y pudo hasta negociarlos a un tercero. La posición en que se coloca, demuestra que sólo pretende que el demandante reintegre los desembolsos hechos para atender a su hermana."

Que la corte inferior quiso hacer completa justicia al demandante lo demuestra el hecho de que en su sentencia, a pesar de haber declarado sin lugar la demanda, hizo constar que: "Este fallo no implica que el demandado pueda ceder o gravar los pagarés descritos en la demanda como si fuera dueño de ellos, mientras no le sean adjudicados judicialmente, salvo acuerdo con el demandante."

La única cuestión legal que plantea el apelante en su alegato es que aceptando que los pagarés fueran dados en prenda por el demandante al demandado: "Uno de los requisitos esenciales al contrato de prenda es que se constituye para asegurar el cumplimiento de una obligación. Pero tiene que ser, naturalmente, de una obligación válida.". Y

arguye que no puede considerarse válida la obligación en este caso condicionada a que el demandado habría de pagar alimentos a la esposa e hijos del demandante mientras se tramitara y resolviera el pleito de divorcio, por ser contrario al artículo 1069 del Código Civil, preceptivo de que:

"Artículo 1069.—Las condiciones imposibles, las contrarias a las buenas costumbres y las prohibidas por la ley, anularán la obligación que de ellas dependa.

"La condición de no hacer una cosa imposible se tiene por no puesta."

No tiene razón el apelante a nuestro juicio. La condición impuesta en este caso para la devolución de los pagarés no fué, como dice el apelante, el que "el esposo logre divorciarse de su esposa", que sí sería contrario a las buenas costumbres e inmoral, sino que fué para garantizar el pago de la "manutención de sus hijos y de su esposa (del demandante) y todos los gastos en los cuales yo incurriera mientras durase la demanda (sic) de divorcio que había presentado su esposa contra él", según declaró el demandado. No vemos nada inmoral o contrario a las buenas costumbres en el hecho de que un esposo desee garantizar los gastos que a él corresponde sufragar mientras se sustancia una acción de divorcio. Nada hay en la prueba que justifique la conclusión del apelante de que la garantía fué dada con la condición de que cualquiera de los esposos pudiera conseguir el divorcio.

Tampoco es aplicable el precepto del artículo 1078 del Código Civil, citado por el apelante, de que "Entiéndese por día cierto aquél que necesariamente ha de venir, aunque se ignore cuándo," en el sentido en que pretende aplicarlo, es decir, sosteniendo que "no puede decirse que habrá de llegar necesariamente el día en que Sylvia Simonet y Otilio Sandoval habrán de divorciarse." Empero, sí es aplicable a la situación de hechos que la corte inferior consideró probada, es decir, que la garantía se dió mientras se tramitaba la acción de divorcio. Es obvio que el día en que ha de terminar dicha acción, si no ha terminado ya, tiene necesariamente

que venir, aunque al momento de constituirse la obligación se ignorara cuándo. Está de más decir que una de las formas en que puede terminar la referida acción es por la reconciliación de las partes, como señala el propio apelante.

■ No se cometió el primer error. Tampoco el segundo, pues la condena al pago de honorarios de abogado es una .que descansa en la sana discreción de la corte sentenciadora y no se nos ha convencido de que en este caso haya abusado de la misma.

*Se confirma la sentencia apelada.*

Los Jueces Presidente Sr. Del Toro y Asociado Sr. Travieso no intervinieron.