## In re SANDOVAL.
### No. 1799.

District Court, Puerto Rico.
June 28, 1948.

Luis Blanco Lugo, of San Juan, P. R., for debtor.

Rivera Cestero, of San Juan, P. R., for respondent Dr. Jacobo Simonet and others.

CHAVEZ, District Judge.

Debtor Sandoval filed a petition on January 29, 1948, under Chapter XII of the Bankruptcy Act. Chapter 12, Bankruptcy Act, 11 U.S.C.A. § 801 et seq. (Real Property Arrangement). On the same day the petition was referred to the Referee. Simultaneously, Sandoval filed a motion requesting that two suits, Civil No. R-3187, and Civil No. 829, in the District Court of San Juan, be stayed.

In open Court debtor withdrew his request for a stay of proceedings as to Civil R-3187, which apparently was a suit for maintenance, not dischargeable in Bankruptcy. The issue now before the Court involves only Civil No. 829.

Briefly, the situation is as follows: Otilio Sandoval sued John Doe for return of certain bearer mortgage notes, held by Simonet to secure payment of all sums expended by Simonet in the maintenance of Sandoval's wife, Simonet's sister, and her children pending a divorce suit.

Simonet answered, setting forth that he held the notes as a pledge, and obtained judgment in the District Court of Arecibo. Judgment was affirmed in 62 P.R.Reports 400. Later Sandoval, after the divorce suit terminated by judgment of the Supreme Court, May 1, 1944, sued Simonet in the District Court of San Juan for "Settlement of Accounts and Return of Bearer Notes." Simonet counterclaimed alleging that Sandoval owed him $13,800 for maintenance of Sandoval's wife and children and praying that the Court order Sandoval to pay this sum as a condition precedent to return of the bearer notes by

Simonet. It is this counterclaim that Sandoval prays this Court to stay.

Before taking up the question of whether this pledge is a lien constituted more than four months before adjudication, and therefore not amenable to interference by this Court, it would be well to go into the general status of the debtor and the power of this Court with respect to suits pending in the Insular Court.

In the first place, Title 11 U.S.C.A. § 812, has the following to say with respect to the jurisdiction, powers and duties of the Court:

"Sec. 812. Jurisdiction, powers, and duties

"Where not inconsistent with the provisions of this chapter, the jurisdiction, powers, and duties of the court shall be the same—

"(1) * * *

"(2) where a petition is filed under section 822 of this title, as if a voluntary petition for adjudication in bankruptcy had been filed and a decree of adjudication had been entered at the time the petition under this chapter was filed."

Thus the position of Sandoval is the same as if he had filed a voluntary petition in bankruptcy and had been adjudicated a bankrupt.

■ After adjudication, the court has discretion to refuse to stay suits against the bankrupt. That is the rule in this Circuit. In Benitez v. Bank of Nova Scotia, 1 Cir., 110 F.2d 169, the debtor wanted the Court to stay certain proceedings on the equity side of the Court pending bankruptcy proceedings under sec. 74 of the Bankruptcy Act, 11 U.S.C.A. § 202. The Court held that the exercise of the power to stay suits is discretionary, not mandatory. See also § 814, Title 11 U.S.C.A.

Case No. 829 represents the final step in litigation that has been in the local courts since December 1939. This litigation was instituted by Sandoval in the District Court of Puerto Rico and then appealed to the Supreme Court which held adversely to him. He then filed case No. 829 in the District Court of San Juan, for an accounting. Simonet answered and counterclaimed with this background. Sandoval then comes to this court, files his petition, and simultaneously, his motion to stay the suit he himself instituted.

■ Sandoval admits that the notes constitute a pledge. A lien is defined by Bouvier as "a hold or claim which one person has upon the property of another as a security for some debt or charge". Vol. 2, Bouvier's Law Dict., Rawles Third Rev., page 1978. A pledge falls squarely within this definition. This pledge was constituted before 1939, many years before this petition was filed under Chapter 12. The Supreme Court of P. R. on July 21, 1943 held that a valid pledge was made of the mortgage notes of Sandoval. Sandoval v. Simonet, 62 D.P.R. 400.

■ It appears to the court that from all the circumstances this is a proper case for denial of a stay in the exercise of a sound discretion, as permitted under the law.

The motion to stay the proceedings will be denied, and it is so ordered.