# 2002 DTA 112

**TRIBUNAL DE CIRCUITO DE APELACIONES
CIRCUITO REGIONAL DE CAROLINA-FAJARDO**

MARIA DE LOS ANGELES ALLENDE ROMERO
Apelante

v.

ELBA FIGUEROA MENDOZA, SU ESPOSO JOHN DOE Y LA SOCIEDAD LEGAL DE GANANCIALES POR ELLOS CONSTITUIDA
Apelados

Núm. KLAN-02-00083

San Juan, Puerto Rico, a 20 de junio de 2002

Panel integrado por su Presidente, el Juez Miranda De Hostos,
la Juez Hernández Torres y el Juez Martínez Torres

Miranda De Hostos, Juez Ponente

## TEXTO COMPLETO DE LA SENTENCIA

La parte apelante, María de los Angeles Allende Romero, acude ante nos de una sentencia del Tribunal de Primera Instancia, Sala Superior de Río Grande, que declaró ha lugar la demanda de desahucio que ésta presentara y no ha lugar la reconvención que presentara la parte apelada Elba Figueroa Mendoza, *et als.*

Alega, en síntesis, que erró el tribunal de instancia, **primero**, al resolver que la parte apelante incumplió con el contrato de opción de compra; **segundo**, al resolver que la parte apelada no operó el negocio desde 1990 hasta el 1994, por las actuaciones de la parte apelante despojándola de la posesión del local y concederle daños por tal actuación; **tercero**, al admitir preguntas sugestivas a la parte apelada durante el interrogatorio directo en la vista; **cuarto**, al utilizar un proyecto de sentencia sin evaluar la prueba presentada; **quinto**, al resolver que la Compañía de Fomento Recreativo era parte indispensable, unirla al pleito y ordenar que se suscribiera un contrato de arrendamiento; **sexto**, al resolver que la parte apelada tenía derecho a las mejoras realizadas y determinar su valor en $3,000.00 dólares; **séptimo**, al eximir a la parte apelada del pago de los cánones de arrendamiento adeudados; y **octavo**, al no encontrar que la parte apelada actuó con temeridad.

Se modifica la sentencia apelada revocándose en cuanto al ordenarse que se suscribiera un contrato de arrendamiento entre la parte apelante Allende Romero y la Compañía de Fomento Recreativo; y en relación a los $3,000.00 concedidos a la parte apelada Figueroa Mendoza, por concepto de las mejoras útiles realizadas. Así modificada, se confirma sobre los demás extremos.

Veamos los fundamentos.

**I**

Los hechos que dan origen al presente recurso comenzaron el 15 de abril de 1986, cuando las partes otorgaron un contrato de arrendamiento sobre una estructura en concreto y madera con techo de zinc, levantada por la parte apelante en terrenos del Estado Libre Asociado de Puerto Rico, en especial, perteneciente a la Compañía de Fomento Recreativo. El local arrendado está localizado en la Playa de Piñones en el área conocida como La Pocita en Boca de Cangrejos de Torrecilla Baja en Loíza. (Ap. 1, pág. 3.) (E.E.P., págs. 1-2, 6.)

En el contrato de arrendamiento se pactó que la estructura se dedicaría al negocio de barra restaurante y el término del arrendamiento sería por cinco (5) años, prorrogables a dos (2) años adicionales. El canon de arrendamiento pactado fue por la suma de $175.00 mensuales. En cuanto a las mejoras, las partes pactaron lo siguiente:

"...

*SEXTO:- La ARRENDATARIA podrá llevar a cabo todas las mejoras que interese para conformar el local al negocio a ser instalado en el mismo, siendo por cuenta de ésta dichas mejoras, las que quedarán a beneficio de la ARRENDADORA a la entrega del local por parte de la ARRENDATARIA, sin que la arrendadora tenga que pagar suma alguna por tales mejoras.*

...".

(Ap. 1, pág. 3.)

La parte apelada Figueroa Mendoza le realizó una serie de mejoras a la estructura, tales como: 1) baños para damas y caballeros, pues antes sólo existía una letrina; 2) arregló los techos de zinc; 3) abrió una ventana en la pared de la parte de atrás de la estructura para poder atender a los clientes por la parte de la playa; y 4) cerró la parte del local que daba hacia la calle. Además, la parte apelada compró la estructura del lado derecho al cruzar la calle perteneciente a la señora Elsa Mangual y utilizó el espacio para estacionamiento. En septiembre de 1989, con el paso del huracán Hugo, el local arrendado sufrió grandes daños en algunas partes, entre las cuales estaban las mejoras realizadas.

En la colindancia de la parte de atrás del negocio, había un espacio de terreno que era utilizado tanto por la parte apelada como por los demás negocios del área, como un basurero y estacionamiento. Posteriormente, la parte apelada, con el permiso de la señora Elsa Mangual, limpió el basurero y construyó un techo de madera que utilizaba también para atender a sus clientes. (E.E.P., págs. 6-7.)

Durante los años 1990 y 1991, la parte apelante Allende Romero presentó dos (2) demandas de desahucio en contra de la parte apelada, pero ambas fueron desestimadas sin perjuicio por incumplimiento con los requisitos establecidos por la Ley de Alquileres Razonables. La parte apelante y sus familiares también presentaron varias denuncias y querellas por alteración a la paz en contra de la parte apelada, pero no prosperaron tampoco. El 13 de agosto de 1993, el tribunal de instancia emitió una orden para que la parte apelante, sus empleados y representantes, se abstuvieran de interferir con las obras de reparación y operación del negocio. No obstante, la parte apelante y sus familiares continuaron impidiéndole a la parte apelada la entrada al local arrendado y repararlo. (E.E.P., págs. 5, 10.)

La parte apelada, Figueroa Mendoza, no tuvo la posesión del local arrendado desde el 1990 hasta el 1994; sin embargo, pagó los cánones de arrendamiento hasta el 15 de abril de 1994. La parte apelante no le exigió el pago de los mismos hasta el 15 de abril de 2000, cuando presentó la demanda en su contra. A finales de 1994, la parte apelada construyó una estructura en forma de bohío en el terreno colindante a la parte de atrás, el cual ésta había limpiado anteriormente para colocar un techo de madera, donde atendía sus clientes y que tanto ella como los locales del área utilizaban para estacionamiento. La construcción de dicha estructura, de acuerdo a la prueba testifical presentada, fue en alrededor de $1,500.00 en materiales. La estructura del bohío está unida por el lado derecho del local arrendado y la única entrada a ambas estructuras es por el bohío. Según el testimonio de la parte apelada, la estructura del bohío podría despegarse del local arrendado sin causar daños. (E.E.P., págs. 1, 3-6, 8-11.)

Aún después de que la parte apelada pudiera entrar nuevamente al local a finales del 1994 y construyera la

estructura del bohío, ésta sólo pudo utilizar las facilidades por alrededor de diez (10) meses en el 1995. En el 1998, la parte apelada intentó utilizar las estructuras, pero se le hizo imposible por el ambiente que la situación había creado en el área. (E.E.P., pág. 9.)

El 14 de abril de 2000, la parte apelante Allende Romero presentó una demanda de desahucio y una de cobro de dinero que posteriormente fueron consolidadas. (Ap. 1 y 2, págs. 1-6.) La parte apelada contestó la demanda de cobro de dinero y presentó reconvención el 20 de junio de 2000. (Ap. 8 y 10, págs. 14-17, 21-22.)

El 13 de noviembre de 2000, la parte apelada presentó una moción informativa urgente en cada caso, en las cuales alegó que era necesario incluir a la Compañía de Fomento Recreativo como parte indispensable, pues ésta era la titular del terreno donde estaba localizado el local arrendado. (Ap. 17 y 18, págs. 31-34.) Presentadas varias mociones de réplica por las partes al respecto, el 20 de diciembre de 2000, el tribunal de instancia le ordenó a la parte apelante que acreditara quién era el titular del terreno, pues éste era parte indispensable y la parte apelante cumplió con la orden del tribunal el 22 de enero de 2001. (Ap. 24 y 25, págs. 49-53.)

El 21 de marzo de 2001, la Compañía de Fomento Recreativo, presentó una moción expositiva y petición de accesión sobre la estructura edificada por la parte apelante, Allende Romero, en terrenos pertenecientes a ésta. (Ap. 30, págs. 61-66.) Sin embargo, en el informe de conferencia preliminar entre abogados presentado el 8 de diciembre de 2001, la Corporación de Fomento Recreativo renunció a su derecho de accesión expresando lo siguiente:

"...

*Esta acción es para dilucidar el derecho de las partes a la estructura enclavada en el terreno de nuestra propiedad. La CPN [Compañía de Fomento Recreativo] no interesa obtener por derecho de accesión, el cual el Código favorece, la propiedad de la edificación. Estamos en esta acción para que la persona que resulte favorecida por el Tribunal en esta controversia, se le ordene suscribir contrato de arrendamiento con la CPN, por concepto de terreno donde ubica la estructura comercial. (Énfasis suplido.)*

...".

(Ap. 31, págs. 70-71.)

Finalmente, el 12 de diciembre de 2001, el tribunal de instancia celebró el juicio, en el cual las partes estipularon que la Corporación de Fomento Recreativo era la titular del terreno donde estaba ubicado el local arrendado y objeto del litigio. Se presentó el testimonio de la parte apelada y de la persona que construyó el bohío, el señor Luis Raúl Tirado París. Una vez sometido el caso por las partes, el tribunal de instancia le solicitó a la parte apelada la presentación de un proyecto de sentencia.

Así las cosas, el tribunal de instancia emitió sentencia el 26 de diciembre de 2001, en la cual determinó lo siguiente:

"...

*Forzosamente, tenemos que tratar la edificación del bohío como una mejora útil de la cosa objeto del contrato de arrendamiento entre las partes. La construcción del negocio tiene el efecto de aumentar la capacidad del negocio. [...].*

*Por otro lado, el contrato de arrendamiento entre las partes disponía que la arrendataria [la parte apelada] podría realizar las mejoras que estimara necesarias y que éstas quedarían a beneficio de la arrendadora[la parte*

*apelante]. **Como se puede apreciar, el contrato habla de mejoras necesarias. [...].***

...

*Estando la estructura del bohío pegada por un sólo (sic) lado y por una pequeña parte a la estructura que fuese objeto del contrato, y pudiendo la parte demandada Doña Elba [la parte apelada] retirar la misma o separarla físicamente, sin crearle deterioro al bien arrendado, y más aún, pudiendo devolver la estructura arrendada a su estado original, es de aplicabilidad el artículo 1463, supra. **Por lo tanto, dado que la parte demandante [la parte apelante] desea y quiere retener dicha edificación, debe reembolsar (sic) a la parte demandada la cantidad de $3,000.00 por concepto de materiales y mano de obra en la construcción del bohío.***

...

*Ante el cuadro de determinaciones de hechos incontrovertidos, y el derecho aplicable anteriormente expresado, el Tribunal declara con lugar la demanda de desahucio, sin lugar la demanda de acción de cobro de dinero, **sin lugar la reconvención**, y se le ordena a la parte demandante [la parte apelante] a indemnizar a la parte demandada [la parte apelada] con la suma de $3,000.00 por concepto de gastos en materiales y mano de obra en la construcción del bohío. Esta suma devengará el interés legal prevaleciente de conformidad con la Regla 44 de Procedimiento Civil de Puerto Rico. **Además, se le ordena a la parte demandante [la parte apelante] a suscribir un contrato de arrendamiento con la parte interventora, la Compañía de Parques Nacionales [la Compañía de Fomento Recreativo], sobre los terrenos donde ubican las estructuras, en un término de 30 días contados a partir de la fecha en que advenga final y firme la presente sentencia.** Finalmente, esta Sentencia se dicta sin imposición de costas y honorarios de abogados a parte alguna. (Enfasis suplido.)*

...".

(Ap. 35, págs. 91-92, 94.)

Inconforme con la determinación del tribunal de instancia, la parte apelante, Allende Romero, acude ante nos. La parte apelada, Figueroa Mendoza, presentó su alegato, empero, la coapelada Compañía de Parques no compareció.

## II

Expuestos los hechos pertinentes a la controversia ante nuestra consideración, procedemos a exponer la norma jurídica y su aplicación a los hechos.

La parte apelante alega que erró el tribunal de instancia, **primero**, al resolver que la parte apelante incumplió con el contrato de opción de compra; **segundo**, al resolver que la parte apelada no operó el negocio desde 1990 hasta el 1994, por las actuaciones de la parte apelante despojándola de la posesión del local y concederle daños por tal actuación; **tercero**, al admitir preguntas sugestivas a la parte apelada; y **cuarto**, al utilizar un proyecto de sentencia sin evaluar la prueba presentada.

No le asiste razón.

Sobre los cuatro errores, basta con señalar que el tribunal de primera instancia resolvió el pleito a favor de la parte apelante, Allende Romero, declarando no ha lugar la reconvención de la parte apelada. Por lo tanto, el dictamen final apelado le fue favorable a la parte apelante, en cuanto denegó la reconvención presentada en su contra.

Por otra parte, la admisión de prueba bajo preguntas sugestivas a la parte apelada, Figueroa Mendoza, procede en derecho, por ser ésta una testigo de la parte adversa. Además, no se ha probado que ello afectara la adjudicación o resultado del caso. *Véase*, Regla 43(H) de Evidencia, 34 L.P.R.A. Ap. IV.

En cuanto a que el Tribunal de Primera Instancia utilizó un proyecto de sentencia, surge del expediente que el mismo fue analizado y evaluado antes de emitirse la sentencia. No se ha probado que el juez lo firmara a ciegas y sin la debida ponderación. *Báez García v. Cooper Labs, Inc.*, 120 D.P.R. 145, 157 (1987). (Casos citados.)

## III

Como **quinto** error, alega la parte apelante que incidió el tribunal de instancia al resolver que la Compañía de Fomento Recreativo era parte indispensable, unirla al pleito y ordenar que se suscribiera un contrato de arrendamiento.

Le asiste la razón en cuanto a la orden para que se suscribiera el contrato. Veamos.

## A

**Parte indispensable**

La Regla 16.1 de Procedimiento Civil dispone lo siguiente:

*"Las personas que tuvieren un interés común sin cuya presencia no pueda adjudicarse la controversia, se harán partes y se acumularán como demandantes o demandadas según corresponda. Cuando una persona que deba unirse como demandante rehusare hacerlo, podrá unirse como demandada."*

32 L.P.R.A. Ap. III.

El propósito de la Regla 16.1, *supra*, es evitar la multiplicidad de pleitos, proveer a las partes un remedio completo y efectivo dentro del mismo pleito y proteger a la parte ausente de los efectos nocivos que pueda tener una decisión sin su presencia. *Granados v. Rodríguez Estrada II*, 124 D.P.R. 593, 605 (1989).

Sobre el particular, nuestro más alto foro ha expresado lo siguiente:

*"[...]. Con ello nos referimos a que, excepto en aquellas circunstancias en las que la adjudicación sin la persona ausente tendría un efecto perjudicial sobre el interés real e inmediato que ésta tiene en el pleito, en raras ocasiones será imposible resolver la controversia sin su presencia. [...].*

*Por último, consignamos que "[e]l remedio completo al que se refiere la Regla 16 alude al remedio entre las personas y entidades que ya son partes en el pleito y no al obtenible entre una parte y el ausente". [...]. (Citas omitidas.) (Énfasis suplido.)*

*...".*

*Municipio de Ponce v. Autoridad de Carreteras y Transportación*, opinión de 29 de diciembre de 2000, **2000 J.T. S. 3**, pág. 653; *Hernández Agosto v. López Nieves*, 114 D.P.R. 601, 607 (1983).

## B

**Aplicación del derecho a los hechos**

En el caso de autos, la controversia gira en torno al contrato de arrendamiento sobre la estructura otorgado por las partes. La controversia no tiene relación alguna que pueda afectar los derechos de la Corporación Recreativa

de Fomento, y así dicha parte lo acepta en su moción y en el informe de conferencia. Más aún, cuando la propia Corporación Recreativa de Fomento expresamente renunció a su derecho de accesión sobre la estructura objeto de controversia.

El remedio referente al contrato de arrendamiento de la estructura, sólo afecta a la parte apelante y a la parte apelada, que ya eran parte en el pleito. Por lo tanto, la Corporación Recreativa de Fomento no era indispensable para otorgar un remedio completo a las partes sobre la controversia a dilucidarse del desahucio de la estructura. No obstante, su inclusión no es error de derecho que provoque la revocación de la sentencia.

Ahora bien, no procedía que se dictara sentencia en la que se obligara a la parte apelante a suscribir un contrato de arrendamiento con la Corporación de Fomento Recreativo, pues no fue un remedio que se solicitara como tal. Además, dicha relación contractual y sus alcances debe ser por consentimiento de las partes concernidas.

Concluimos que incidió el Tribunal de Primera Instancia al dictar sentencia ordenando a la parte apelante Allende Romero a suscribir un contrato de arrendamiento con la Corporación Recreativa de Fomento.

## IV

Como **sexto** error, alega la parte apelante que incidió el tribunal de instancia al resolver que la parte apelada tenía derecho a las mejoras realizadas y determinar su valor en $3,000.00 dólares.

No le asiste razón.

## A

**Requisitos del contrato y su interpretación**

Los contratos existen cuando concurren los requisitos de consentimiento, objeto y causa. Los contratos producen obligaciones que tienen fuerza de ley entre las partes contratantes. Arts. 1213 y 1044, Código Civil, 31 L.P.R.A. secs. 3391 y 2994; *Master Concrete Corp. v. Fraya S.E.,* opinión de 30 de noviembre de 2000, **2000 J. T.S. 192**, pág. 456.

Las partes contratantes pueden pactar las cláusulas, pactos y condiciones que le sean convenientes, siempre y cuando las mismas no sean contrarias a las leyes, a la moral, ni al orden público. Art. 1207 de Código Civil, 31 L. P.R.A. sec. 3372; *Jarra Corp. v. Axxis Corp.,* opinión de 30 de noviembre de 2001, **2001 J.T.S. 167**, pág. 488.

En cuanto a la interpretación de los contratos, si los términos de un contrato son claros y no dejan lugar a dudas sobre la intención de los contratantes, se estará al sentido literal de sus cláusulas. No obstante, cuando las palabras parezcan contrarias a la intención evidente de los contratantes, prevalecerá ésta sobre aquéllas. Artículo 1233 de Código Civil de Puerto Rico, 31 L.P.R.A. sec. 3471; *Mattei v. Vélez,* opinión de 7 de mayo de 1998, **98 J. T.S. 55**, pág. 921; *Marcial v. Tomé*, 144 D.P.R. 522, 536 (1997).

Cualquiera que sea la generalidad de los términos de un contrato, no deberán entenderse comprendidos en él cosas distintas y diferentes de aquéllos sobre los que los interesados se propusieron contratar. Art. 1235 de Código Civil, 31 L.P.R.A. sec. 3473; *Marcial v. Tomé, supra*, pág. 539.

## B

**Las mejoras útiles**

Una mejora útil es toda construcción o edificación que se realice en el inmueble arrendado que esté relacionada con el propósito para el cual el inmueble fue arrendado. Además, dicha construcción o edificación

aumenta la capacidad o productividad del inmueble arrendado. *Castrodad v. The Shell Co.,* 140 D.P.R. 736, 746 (1996).

Nuestro más alto foro, citando al tratadista Castán Tobeñas, define las mejoras útiles de la siguiente forma:

"...

*[...] 'gastos o mejoras útiles son aquéllos que, sin ser necesarios, sirven para aumentar la capacidad de rendimiento de la cosa y consiguientemente su valor (como nuevas construcciones o plantaciones u obras o labores para intensificar el cultivo) ...mas para que sean verdaderas mejoras es menester...que sean obra del hombre; que se hayan realizado en el mismo fundo; que tengan carácter de estable y objetivo y que aumenten la potencia de rendimiento del fundo.' [...]. (Citas omitidas.)*

...".

*Marchand v. Montes,* 78 D.P.R. 131, 139 (1955).

## C

**Aplicación del derecho a los hechos**

La construcción del bohío realizada por la parte apelada en el local contiguo a la parte de atrás de la estructura arrendada, que anteriormente era utilizado por los locales del área para estacionamiento, está relacionado con el propósito para el cual la estructura fue arrendada, que era el de establecer una barra restaurante. En consecuencia, la construcción del bohío aumentó la capacidad y productividad del negocio, pues en el mismo se atendían los clientes y se convirtió en la única entrada, tanto para el bohío como para la estructura arrendada. Por lo tanto, la construcción del bohío fue una mejora útil.

No obstante, aunque el tribunal de instancia determinó correctamente que la construcción del bohío fue una mejora útil, incidió al determinar que las partes no habían pactado sobre las mejoras útiles, sino las necesarias.

La partes claramente pactaron que la arrendataria, en este caso la parte apelada, podría llevar a cabo *"todas las mejoras que interese para conformar el local al negocio a ser instalado"* **y que dichas mejoras serían a beneficio de la arrendadora, en este caso, la parte apelante, sin tener que pagar suma alguna sobre ellas.** De lo anterior, claramente se desprende que el pacto de las partes fue sobre las mejoras útiles y que las mismas, según pactado, serían a beneficio de la parte apelante sin tener que pagar ésta suma alguna por las mismas. Por lo tanto, la parte apelante tiene el derecho a retener el bohío sin pagar suma alguna por ello, según lo pactado.

Concluimos que el Tribunal de Primera Instancia incidió al interpretar el contrato de arrendamiento entre las partes y condenar a la parte apelante, Allende Romero, al pago de $3,000.00, en concepto de los materiales y la mano de obra invertidos por la parte apelada en la construcción del bohío.

## V

Como **séptimo** error, alega la parte apelante que incidió el tribunal de instancia al eximir a la parte apelada del pago de los cánones de arrendamiento adeudados.

No le asiste razón.

## A

**Aspectos generales sobre los contratos**

Los contratos son fuente de obligaciones que se perfeccionan desde que las partes contratantes consienten

voluntariamente a cumplir con los mismos. Las partes contratantes no solamente se obligan a lo pactado, sino también a toda consecuencia que sea conforme a la buena fe, al uso y a la ley. Art. 1210 Código Civil, 31 L.P.R. A. sec. 3375; *Amador Parrilla v. Concilio Iglesia Universal,* opinión de 23 de marzo de 2000, **2000 J.T.S. 60**, pág. 877.

No importa la forma en que se celebren, los contratos serán obligatorios siempre que concurran las condiciones esenciales para su validez de consentimiento, objeto y causa. Art. 1230 de Código Civil de Puerto Rico, 31 L.P.R.A. sec. 3451; *Velco v. Ind. Service Apparel,* opinión de 22 de mayo de 1997, **97 J.T.S. 72**, pág. 1053. .

## B
**Aplicación del derecho a los hechos**

En el contrato de arrendamiento, las partes pactaron que el mismo sería por un término de cinco (5) años contados a partir de 1 de abril de 1986, prorrogable a dos (2) años más por un canon mensual de $175.00 dólares. Por lo tanto, el contrato era vigente hasta el 1 de abril de 1991, prorrogable hasta el 1 de abril de 1993.

De acuerdo a la prueba presentada y no controvertida, la parte apelada tuvo posesión del local arrendado hasta el 1990, pero pagó los cánones de arrendamiento hasta el 15 de abril de 1994. No fue hasta finales del 1994, que la parte apelada pudo entrar nuevamente a la propiedad arrendada y fue entonces cuando construyó el bohío. Esta vez la parte apelada estuvo en posesión del local arrendado por un término de alrededor de diez (10) meses hasta finales del 1995.

Dado el hecho de que la parte apelante, Allende Romero, pagó los cánones de arrendamiento hasta el 15 de abril de 1994, un (1) año y catorce días (14) después de que expirara el contrato de arrendamiento y su prórroga, ésta pagó los cánones según acordados durante el período en que se le permitió estar en posesión del local en calidad de arrendataria.

Concluimos que no incidió el tribunal de instancia al determinar que la parte apelada no tenía que pagar suma alguna por concepto de cánones adeudados.

## VI
Como **octavo** error, alega la parte apelante que erró el tribunal de instancia al no encontrar que la parte apelada actuó con temeridad.

No le asiste razón.

## A
**Honorarios de abogado por temeridad**

La Regla 44.1 de Procedimiento Civil, *supra,* dispone que cualquier parte que proceda con temeridad deberá pagar una suma en concepto de honorarios de abogado. Temeridad significa toda aquella conducta que permita que se celebre o se prolongue un litigio innecesariamente o que obliga a otra parte a litigar por su contumacia u obstinación. *Montañez López v. U.P.R.,* opinión de 21 de marzo de 2002, **2002 J.T.S. 40**, pág. 858; *Blas Toledo v. Hosp. Ntra. Sra. de la Guadalupe,* 146 D.P.R. 267, 335 (1998).

La concesión de honorarios de abogados por temeridad depende de la sana discreción del tribunal sentenciador. Por lo tanto, el tribunal apelativo no debe modificarlo ante la ausencia de abuso del ejercicio de la discreción judicial. *Ramos Báez v. Bossolo López,* 143 D.P.R. 567, 571-572 (1997).

Nuestro más alto foro ha reconocido que la parte que de buena lid ejerce y defiende sus derechos, no debe ser considerada como una litigante temeraria. *González v. Commonwealth Ins.,* 140 D.P.R. 673, 692 (1996).

**B**

**Aplicación del derecho a los hechos**

El tribunal de instancia determinó que ninguna de las partes había actuado con temeridad, por lo cual no les impuso honorarios de abogado. De los hechos ante nuestra consideración, surge que la parte apelada actuó correctamente al ejercer sus derechos, pues sus reclamaciones tenían mérito, ya que la parte apelante insistió en que ésta le pagara cánones de arrendamiento que no procedían en derecho.

Concluimos que el tribunal de instancia no abusó de su discreción al determinar que no existía justificación para imponer el pago de honorarios de abogados a la parte apelada.

**VII**

Por los anteriores fundamentos, se modifica la sentencia apelada revocándose la parte que le ordena a la apelante, Allende Romero, a suscribir con la Compañía de Fomento Recreativo un contrato de arrendamiento, sobre el terreno donde se encuentra ubicada la estructura. Además, se revoca la indemnización por la suma de $3,000.00 concedida a la parte apelada, Figueroa Mendoza, por concepto de los materiales y mano de obra para la construcción del bohío. Así modificada, se confirma la sentencia apelada en cuanto a los demás aspectos.

Lo acordó y manda el Tribunal y lo certifica la Secretaria General.

Aida Ileana Oquendo Graulau
Secretaria General